## NORA STEIN *v.* RICKEY A. HORTON ET AL.
## (AC 23606)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*David F. Borrino* and *Adam L. Bendett* filed a brief for the appellant (plaintiff).

*Jennifer L. Booker* and *Scott W. Sawyer* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. In this action on a promissory note, the plaintiff, Nora Stein, appeals from the judgment of the trial court denying her motions to open the judgment and for reconsideration of the court's dismissal of the action. We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. The plaintiff commenced an action to collect moneys owed to her by the defendants, Rickey A. Horton and Jason J. Horton, Sr. The court, *Martin, J.*, granted the plaintiff's motion for summary judgment as to the defendants' liability. The case was scheduled for

a hearing in damages on May 6, 2002. When the plaintiff or her counsel failed to appear, the court, *Hon. D. Michael Hurley*, judge trial referee, dismissed the action. The plaintiff filed a motion to open the judgment of dismissal, which was granted by Judge Hurley. The case again was scheduled for a hearing in damages on July 15, 2002. The defendants appeared at the July 15, 2002 hearing in damages, but neither the plaintiff nor her counsel were present. In open court, Judge Hurley informed the defendants that if the plaintiff's counsel failed to appear at the next hearing in damages, the case would be dismissed with prejudice. At the August 12, 2002 hearing in damages, Judge Hurley twice called the plaintiff's case, but only the defendants were present. Judge Hurley then, in open court, dismissed the case with prejudice. Subsequently, on September 5, 2002, Judge Hurley denied the plaintiff's motion to open the judgment of dismissal and on October 10, 2002, denied the plaintiff's motion for reconsideration. The plaintiff appealed. Pursuant to the plaintiff's motion for articulation, Judge Hurley articulated his basis for dismissing the action.

"It is well established that [a] motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Searles* v. *Schulman*, 58 Conn. App. 373, 376–77, 753 A.2d 420, cert. denied, 254 Conn. 930, 761 A.2d 755 (2000).

The judgment is affirmed.