DAVID DUBOIS *v.* WILLIAM W. BACKUS HOSPITAL
(AC 24694)

Dranginis, Bishop and Hennessy, Js.

Argued September 21—officially released December 27, 2005

*Conrad Ost Seifert*, with whom was *David DuBois*, pro se, for the appellant (plaintiff).

*Jonathan B. Sprague*, pro hac vice, with whom were *Dana M. Horton* and, on the brief, *Jeffrey F. Buebendorf*, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The plaintiff, David DuBois, appeals from the trial court's judgment dismissing the action in favor of the defendant, William W. Backus Hospital. On appeal, the plaintiff claims that the court improperly

(1) imposed a $19,199.21 sanction against him and (2) granted the defendant's motion for a judgment of dismissal for failing to respond to discovery requests. We agree in part with the first claim and, accordingly, reverse the judgment of the trial court as to the amount of sanctions that was not liquidated prior to the judgment of dismissal. We affirm the judgment of dismissal.

The following facts and procedural history are pertinent to our discussion of the issues on appeal. This appeal arises out of a wrongful discharge action brought by the plaintiff after his employment was terminated by the defendant on March 11, 1999. On January 11, 2002, the plaintiff initiated this action through counsel.[1] The discovery process began with the defendant's filing its first set of requests for admission on May 8, 2002. Throughout the discovery process, the plaintiff failed to respond to multiple discovery requests, which included interrogatories and various requests for admissions and documents. From November, 2002, to February, 2003, the defendant filed eight motions for orders of compliance or sanctions[2] against the plaintiff pursuant to Prac-

[1] On February 18, 2003, the plaintiff's counsel was allowed to withdraw from the case. The plaintiff did not secure new counsel and represented himself in the trial court. The plaintiff has secured representation for the purpose of his appeal.

[2] On November 6, 2002, the defendant filed a motion for an order of compliance, and moved the court to impose sanctions on the plaintiff and to direct the payment of unspecified costs, including attorney's fees associated with filing the motion. Oral argument was requested. On January 9, 2003, the defendant filed a motion for sanctions due to the plaintiff's refusal to pay costs relating to the November 6, 2002 motion and moved the court to impose sanctions on the plaintiff and to direct the payment of $2044 for the November 6, 2002 motion and further moved the court to impose sanctions on the plaintiff and to direct the payment of attorney's fees not to exceed $1000 for filing the current motion.

On January 23, 2003, the defendant filed a motion for sanctions, and moved the court to impose sanctions on the plaintiff and to direct the payment of unspecified costs, including attorney's fees associated with filing the motion and making an appearance on December 16, 2002. Oral argument was requested. On January 30, 2003, the defendant filed two motions for orders of compliance and moved the court to impose sanctions on the

tice Book § 13-14. Briefly summarized, in four of the eight motions, the defendant moved the court to impose sanctions on the plaintiff and to direct the payment of specific costs, including attorney's fees associated with filing the motions.[3] In the other four motions, the defendant moved the court to impose sanctions on the plaintiff and to direct the payment of unspecified costs, including attorney's fees associated with filing the motions.[4] The plaintiff failed to oppose those eight motions, which were placed on the short calendar for July 21, 2003, as arguable.[5] All eight motions were granted by the court, *Hon. D. Michael Hurley*, judge trial referee, on July 22, 2003. On August 10, 2003, the plaintiff, acting pro se, filed a motion to reargue the motions for orders of compliance or sanctions pursuant

plaintiff and to direct the payment of unspecified costs, including attorney's fees associated with filing both motions. Oral argument was requested on only one of those two motions.

On February 3, 2003, the defendant filed a motion for an order of compliance and moved the court to impose sanctions on the plaintiff and to direct the payment of $1000 in costs, including attorney's fees associated with filing the motion. On February 6, 2003, the defendant filed a motion for sanctions and moved the court to impose sanctions on the plaintiff and to direct the payment of $3426.21 in costs, including attorney's fees associated with filing the motion. Oral argument was requested. On February 13, 2003, the defendant filed a motion for an order of compliance and moved the court to impose sanctions on the plaintiff and to direct the payment of $500 in costs, including attorney's fees associated with filing the motion.

[3] The motions for orders of compliance or sanctions filed on the following four dates all requested the court to impose sanctions directing the plaintiff to pay a specified amount. On January 9, 2003, the defendant moved the court to impose a $2044 sanction for the November 6, 2002 motion; on February 3, 2003, the defendant moved the court to impose a $1000 sanction; on February 6, 2003, the defendant moved the court to impose a $3426.21 sanction; and on February 13, 2003, the defendant moved the court to impose a $500 sanction.

[4] The motions for orders of compliance or sanctions filed on the following four dates all requested the court to impose sanctions directing the plaintiff to pay an unspecified amount: January 9 and 23, 2003, and two motions filed on January 30, 2003.

[5] The motion for an order of compliance dated November 6, 2002, was not on the short calendar for July 21, 2003.

to Practice Book § 11-11; however, he failed to list the grounds on which he was relying. The motion to reargue was denied by the court. On August 20, 2003, the defendant filed a motion for a judgment of dismissal pursuant to Practice Book § 13-14 (a) with prejudice nunc pro tunc and to reduce the sanctions and compliance orders to judgment. In the motion for a judgment of dismissal, the defendant represented that all eight motions were granted previously by Judge Hurley and that specific costs had been ordered with each motion. On September 15, 2003, the court, *Gordon, J.,* granted the motion for a judgment of dismissal and reduced the orders for compliance or sanctions to judgment ordering the plaintiff to pay the total sum of $19,199.21. In granting the motion, Judge Gordon imposed an additional sanction on the plaintiff and directed the payment of $2500 in costs, including attorney's fees for filing the motion. This appeal followed. Additional facts will be provided as necessary to resolve the issues presented.

I

The plaintiff first claims that the court abused its discretion by imposing $19,199.21 as a discovery sanction.[6] We agree in part that the court abused its discretion as to the amount of sanctions that was not liquidated prior to the judgment of dismissal.

We first set forth the applicable standard of review. "In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. . . . This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous stan-

---

[6] The plaintiff on appeal does not challenge the $500 sanction ordered in response to the relief requested in the February 13, 2003 motion.

dard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion. . . .

"[T]he primary purpose of a sanction for violation of a discovery order is to ensure that the defendant's rights are protected, not to exact punishment on the [plaintiff] for its allegedly improper conduct. . . . The determinative question for an appellate court is not whether it would have imposed a similar sanction but whether the trial court could reasonably conclude as it did given the facts presented. Never will the case on appeal look as it does to a [trial court] . . . faced with the need to impose reasonable bounds and order on discovery." (Citations omitted; internal quotation marks omitted.) *Usowski* v. *Jacobson*, 267 Conn. 73, 85, 836 A.2d 1167 (2003).

The plaintiff does not claim that the orders were unclear or that he did not violate the discovery orders. Rather, the plaintiff argues that the sanctions ordered by the court were not proportional to the violation. We must, therefore, consider whether the court abused its discretion in ordering sanctions that were not proportional to the violation.

"We have long recognized that, apart from a specific rule of practice authorizing a sanction, the trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules. . . . Our trial courts have the inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated." (Citations omitted; internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 9–10, 776 A.2d 1115 (2001).

"[B]efore imposing any such sanctions, the court must afford the sanctioned party or attorney a proper hearing on the . . . motion for sanctions. . . . There must be fair notice and an opportunity for a hearing on the record." (Citation omitted; internal quotation marks omitted.) *Maris* v. *McGrath*, 269 Conn. 834, 844, 850 A.2d 133 (2004).

In the present case, the plaintiff was ordered to pay monetary sanctions in the form of costs, which included attorney's fees associated with filing the motions. Our Supreme Court has recently clarified the rule for attorney's fees. See *Smith* v. *Snyder*, 267 Conn. 456, 479–80, 839 A.2d 589 (2004). "[W]hen a court is presented with a claim for attorney's fees, the proponent must present to the court at the time of trial or, in the case of a default judgment, at the hearing in damages, a statement of the fees requested and a description of services rendered. Such a rule leaves no doubt about the burden on the party claiming attorney's fees and affords the opposing party an opportunity to challenge the amount requested at the appropriate time." Id., 479. "Parties must supply the court with a description of the nature and extent of the fees sought, to which the court may apply its knowledge and experience in determining the reasonableness of the fees requested." Id., 480. As a procedural matter, however, in order to be heard on appeal regarding the reasonableness of attorney's fees, a party must first object or respond to the request in the trial court; id., 480–81; *Florian* v. *Lenge*, 91 Conn. App. 268, 285, 880 A.2d 985 (2005); otherwise, that party has waived the right to do so on appeal.

The four motions for orders of compliance or sanctions that included a specific dollar amount for sanctions were filed months prior to being granted by Judge Hurley in July, 2003.[7] The plaintiff was afforded an

---

[7] See footnote 3.

opportunity to object to those motions and to challenge the amounts requested for attorney's fees at the appropriate time, but he failed to do so in the trial court. As emphasized in *Smith*, "[a]lthough the proponent bears the burden of furnishing evidence of attorney's fees at the appropriate time," once a *request* for attorney's fees has been made, it is incumbent on the opposing party either to object or to respond to the request. *Smith* v. *Snyder*, supra, 267 Conn. 480–81. Moreover, a failure to do so will evince that the plaintiff "effectively acquiesced in that request, and, consequently, they [on appeal] will not be heard to complain about that request." Id., 481. In the present case, the plaintiff neither filed an objection to the requests for attorney's fees nor appeared at the short calendar[8] and, therefore, has waived his right to challenge the reasonableness of those fees on appeal. See id., 480–81. Accordingly, we conclude that Judge Gordon acted within her discretion when she reduced sanctions associated with those four motions in the form of costs, including attorney's fees, to judgment. By the same reasoning, we also conclude that because the plaintiff failed to object at the appropriate time to the $2500 sanction imposed with the judgment of dismissal, he cannot now claim that Judge Gordon abused her discretion when she imposed that sanction against the plaintiff.[9]

The other four motions for orders of compliance or sanctions requested sanctions in the form of costs, including attorney's fees, but did not include a specific

---

[8] The plaintiff claims on appeal that he went to the courthouse for the short calendar on July 21, 2003, but was told that the motions for orders of compliance or sanctions were nonarguable and to "go home" by the clerk of the court. We cannot conclude that this constitutes a diligent effort to challenge the eight motions that had been filed many months prior to July 22, 2003.

[9] The plaintiff filed a motion for an extension of time to file a response to the motion for judgment, which was denied by the court on September 14, 2005.

dollar amount.[10] We note that in those requests, the defendant did not comply with even the most minimal of requirements that it provide "a statement of the fees requested and a description of services rendered." Id., 479. In its motion for a judgment of dismissal, the defendant misrepresented that Judge Hurley had imposed sanctions on the plaintiff and directed the payment of specific costs, including attorney's fees, in each of the eight motions. The defendant did not bring that misrepresentation to the attention of Judge Gordon before she reduced those orders to a financial judgment and granted the motion for a judgment of dismissal. As a result of that misrepresentation, the plaintiff was not afforded "an opportunity to challenge the amount requested at the appropriate time"; id.; on those four motions that did not state a liquidated amount when first ordered by Judge Hurley. We must conclude, therefore, because of the misrepresentations made to the court, that the court abused its discretion when it included specific sanctions associated with those four motions as part of its final judgment ordering payment of the aggregate sum of $19,199.21. Accordingly, we remand the case to the trial court to determine the amount of sanctions, in the form of costs, including attorney's fees associated with the four motions that did not state a liquidated amount or comply with our rule for attorney's fees.

## II

The plaintiff next claims that the court abused its discretion by dismissing the case. We are not persuaded.

As previously stated, we review the court's action for abuse of discretion. See *Usowski* v. *Jacobson*, supra, 267 Conn. 85. "Where the ultimate sanction of dismissal is involved, [o]ur practice does not favor the termination of proceedings without a determination of the mer-

---

[10] See footnote 4.

its of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority . . . the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction of dismissal should be imposed only . . . where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Internal quotation marks omitted.) Id., 91–92.

The plaintiff engaged in a consistent pattern of discovery abuse throughout the course of the case. The plaintiff failed to comply with numerous discovery requests, all of which were necessary to advance the litigation of his claim. More importantly, he failed to follow the court's orders that he comply with those discovery requests. On at least eight separate occasions, the defendant filed motions for orders of compliance or sanctions. The plaintiff was ordered to comply with various discovery requests but failed to do so. Aside from appearing at a deposition, the plaintiff has not been an active participant in the litigation of his case. The plaintiff, although once represented by counsel, acted pro se during the later part of the case.

We are mindful of the "established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . The courts adhere to this rule to ensure that pro se litigants receive a full and fair opportunity to be heard, regardless of their lack of legal education and experience . . . . " (Citation omitted; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 569, 877 A.2d 761 (2005). "This rule of construction has limits, how-

ever. Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id., 570. The plaintiff's flagrant abuse of the discovery process from the inception of his case and throughout the course of litigation warranted the last resort sanction of dismissal. The court did not abuse its discretion by ordering the dismissal of the case in consideration of the plaintiff's "deliberate, contumacious or unwarranted disregard for the court's authority . . . ." (Internal quotation marks omitted.) *Usowski* v. *Jacobson*, supra, 267 Conn. 91.

The judgment is reversed only as to the amount of the sanctions that were ordered against the plaintiff and the case is remanded for further proceedings to determine the proper amount of those sanctions consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.