MICHAEL BONGIOVANNI *v.* WILLIAM L. SAXON ET AL.
(AC 27194)

Schaller, Rogers and Mihalakos, Js.

Argued October 18, 2006—officially released January 16, 2007

*John H. Parks*, for the appellant (plaintiff).

*Bruce P. Fader*, for the appellees (defendants).

*Opinion*

MIHALAKOS, J. The plaintiff, Michael Bongiovanni, appeals from the judgment of the trial court dismissing his case with prejudice as a sanction for his failure to file properly a certificate of closed pleadings in accordance with Practice Book § 14-8 (a).[1] In this appeal, the plaintiff essentially claims that the court improperly rendered the judgment of dismissal with prejudice because the court did not have the authority (1) to render judgment of dismissal and (2) to impose sanctions upon rendering the judgment of dismissal.[2] We affirm the judgment of the trial court.

---

[1] Practice Book § 14-8 (a) provides in relevant part: "A case shall not be scheduled for trial until a party *accurately certifies* . . . that the pleadings are closed on the issue or issues in the case as to all parties. . . ." (Emphasis added.)

[2] The claims as stated by the plaintiff are that the court improperly rendered the judgment of dismissal with prejudice because (1) the defendants, William L. Saxon and Maria Vitalis, did not file a motion for sanctions and (2) the plaintiff was not put on notice that the court would consider dismissing his case with prejudice as a sanction for his failure to satisfy the filing requirement of Practice Book § 14-8. The crux of the plaintiff's appeal is

The following procedural history is necessary for our resolution of the plaintiff's appeal. On December 17, 2002, the plaintiff filed an amended complaint against the defendants, William L. Saxon and Maria Vitalis, sounding in trespass and conversion, alleging that the defendants unlawfully cut down certain trees that were on the plaintiff's property. By postcard notice dated June 17, 2005, the court, *Scholl, J.*, ordered that the plaintiff file a certificate of closed pleadings no later than July 29, 2005. The order expressly stated that "[f]ailure to do so will result in a *dismissal of the action without further notice.*" (Emphasis added.) On July 14, 2005, in an attempt to comply with Judge Scholl's order, the plaintiff filed a certificate of closed pleadings. Upon filing the certificate of closed pleadings, the plaintiff certified that the pleadings had been closed. In addition, the plaintiff certified that he acknowledged that his failure to certify accurately would subject him to sanctions.

On October 7, 2005, the defendants filed a motion to dismiss the plaintiff's action with prejudice, on the ground that he falsely filed a certificate of closed pleadings when the pleadings had not yet been closed. At the time the plaintiff filed the certificate, the defendants had not filed an answer to the plaintiff's amended complaint. A hearing on the defendants' motion to dismiss with prejudice was scheduled for October 24, 2005.

---

that the court had no authority to impose a "sanction of dismissal." This contention misconstrues what the court actually did at the conclusion of the October 24, 2005 hearing on the defendants' motion to dismiss the plaintiff's action with prejudice. The court's ruling contained two steps. The first step was to render judgment dismissing the plaintiff's case. The second step was to impose a sanction, which took the form of a dismissal of the plaintiff's case *with prejudice.* The plaintiff improperly argues that the court's first action was a sanction, when it in fact was not. The principal issues are: (1) did the court have the authority to render judgment of dismissal in his case and (2) did the court have the authority to impose sanctions upon rendering the judgment of dismissal, i.e., dismissing the action with prejudice. For the purpose of clarity, we have reframed the issues.

After this hearing, the court, *Peck, J.*, granted the defendants' motion to dismiss by rendering judgment of dismissal with prejudice against the plaintiff in accordance with Judge Scholl's June 17, 2005 order. Although counsel had purported to make the required filing, his failure to file an accurate certificate put him in violation of the June 17 order. This appeal followed. Additional facts will be set forth as necessary.

As a threshold matter, we first consider whether there is an adequate record for review. An adequate record generally includes either a memorandum of decision or a transcript signed by the trial court; Practice Book § 64-1; and the appellant bears the responsibility of providing such. Practice Book § 60-5; *Chase Manhattan Bank/ City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). The plaintiff did not provide this court with either a written memorandum of decision or a signed transcript, but an unsigned transcript of the proceedings has been provided. On occasion, we have entertained appellate review of an unsigned transcript when it sufficiently states the court's findings and conclusions. *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003). We have reviewed the transcript of this case and find that it is adequate for our review.

I

The plaintiff first argues that the court had no authority to render judgment of dismissal. Specifically, he argues that the court acted without a proper motion before it. We do not agree.

Practice Book § 14-3 (a) provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action . . . or on its own motion, render a judgment dismissing the action

. . . ." In addition, Practice Book § 17-19 provides in relevant part: "If a party fails to comply with an order of a judicial authority . . . the party may be nonsuited or defaulted by the judicial authority." The use of the word "may" in these rules of practice clearly invokes the discretionary power of the court.[3] Our review is thus limited to ascertaining whether the court's decision to render judgment of dismissal in this case constituted an abuse of that discretion.

Sections 14-3 and 17-19 apply under the facts and circumstances of the present case, and therefore the plaintiff's first claim has no merit. It is evident from the transcript of the October 24, 2005 hearing that the plaintiff did not prosecute this action with the proper diligence required. In his own words, the plaintiff's counsel stated: "[A]pparently, the pleadings were not closed. I *assumed* that they were, based on the age of this case and the amount of pleadings that had been filed, but apparently I was wrong." (Emphasis added.) When the court asked if he had any basis to believe that the pleadings were closed and whether he had checked the docket sheet, the plaintiff's counsel responded: "I just took [the June 17, 2005 order] literally that I needed to file my certificate of closed pleadings, and I did." In sum, the plaintiff's counsel was not attentive to the state of the pleadings, and, as a result, he filed a certificate of closed pleadings without knowledge of the status of those pleadings.

The plaintiff's claim loses sight of the fact that the court had the authority to dismiss his case, by virtue of the June 17, 2005 order the court previously had issued, as well as the court's authority under Practice Book § 14-3, stemming from the plaintiff's violation of

---

[3] "Our courts have consistently held that the word 'may' is discretionary and not mandatory." *Keiser* v. *Conservation Commission,* 41 Conn. App. 39, 43–44, 674 A.2d 439 (1996).

Practice Book § 14-8. As for the plaintiff's argument that Judge Peck acted without a written motion before her, at the October 24, 2005 hearing, the defendants' counsel stated that the motion filed on October 7, 2005 was framed as a motion to dismiss, in order to conform with the June 17, 2005 order, which stated that the action would be dismissed for lack of compliance. Judge Peck also indicated that she would treat the defendants' motion as a motion for judgment of dismissal, in accordance with the June 17, 2005 order: "[T]here was a court order dated June 17, 2005, that said that the case will result in dismissal. This is a motion to dismiss based on that language."[4] Under the facts and circumstances of this case, Judge Peck acted within her authority when she rendered judgment of dismissal against the plaintiff, and we therefore conclude that her action did not constitute an abuse of discretion.

## II

The second issue is whether the court improperly dismissed the plaintiff's action with prejudice, as a sanction for the plaintiff's failure to file a certificate of closed pleadings properly. In light of the events in this case, we conclude that the court's imposition of sanctions was not improper.

We begin by setting forth the applicable standard of review for claims challenging a court's order for sanctions. "First, the order to be complied with must be reasonably clear. . . . [A]n order that does not meet this standard may form the basis of a sanction if the

---

[4] The plaintiff also argued that the defendants violated Practice Book § 10-31 because they filed a motion to dismiss with prejudice without an accompanying memorandum of law. We note, however, that Judge Peck sufficiently disposed of this claim, when, at the hearing on the defendants' motion to dismiss, she stated that her perception of the motion was that it was "not a motion to dismiss, pursuant to [Practice Book §] 10-31 . . . it is a motion for judgment of dismissal in accordance with the sanctions."

record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." (Internal quotation marks omitted.) *McHenry* v. *Nusbaum*, 79 Conn. App. 343, 352, 830 A.2d 333, cert. denied, 266 Conn. 922, 923, 835 A.2d 472, 473 (2003).

As for the first test, the language of the court's June 17, 2005 order is clear and unambiguous. The order plainly stated that the plaintiff's action would be dismissed if the plaintiff did not file a certificate of closed pleadings within the specified time frame. Further, it is important to note that the order stated that failure to comply "*will* result in a dismissal of the action . . . ." (Emphasis added.) The order did not state that failure to comply *may* result in dismissal. As for the second test, it is evident that the order was violated because although the plaintiff's counsel made the required filing, he did so by making false representations to the court that the pleadings were closed. His failure to file an accurate certificate of closed pleadings put him in violation of the court's June 17, 2005 order and therefore made him subject to sanctions. Indeed, the certification on the certificate of closed pleadings form filed by the plaintiff provides: "I acknowledge that my failure to certify *accurately* will subject me to sanctions." (Emphasis added.) We now turn our attention to the third test, which concerns whether the court abused its discretion in imposing a sanction of dismissal of the plaintiff's action with prejudice.

"We have long recognized that, apart from a specific rule of practice authorizing a sanction, the trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules." (Internal quotation marks omitted.) *DuBois* v. *William W. Backus Hospital*, 92 Conn. App. 743, 748, 887 A.2d 407 (2005), cert. denied, 278 Conn. 907, 899 A.2d 35 (2006). "The decision to enter sanctions . . . and, if so, what sanction or sanctions to impose, is a matter within the sound discretion of the trial court. . . . In reviewing a claim that this discretion has been abused the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [T]he ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Evans* v. *General Motors Corp.*, 277 Conn. 496, 523, 893 A.2d 371 (2006).

In the present case, the court reasonably could have found that the plaintiff had no reasonable basis to believe that the pleadings were closed, and, as a result, that the certificate of closed pleadings was not filed properly. We conclude, therefore, that the court did not abuse its discretion in dismissing the plaintiff's action with prejudice, in accordance with the June 17, 2005 order.

Finally, in connection with his claim that the court did not have the authority to impose sanctions upon rendering the judgment of dismissal, the plaintiff further argues that he was not given proper notice that the court would treat the defendants' motion to dismiss with prejudice as a motion for a judgment of dismissal in accordance with sanctions. We are not persuaded.

"[B]efore imposing . . . sanctions, the court must afford the sanctioned party or attorney a proper hearing

. . . . There must be fair notice and an opportunity for a hearing on the record." (Internal quotation marks omitted.) *DuBois* v. *William W. Backus Hospital*, supra, 92 Conn. App. 748. The June 17, 2005 order gave the plaintiff approximately six weeks, which was ample notice, to file the certificate of closed pleadings, as the plaintiff was required to make the necessary filing by July 29, 2005. Further, the order stated that the plaintiff's failure to comply would result in dismissal "without further notice," and so the plaintiff was put on notice of the possibility that the court would consider dismissal of his action with prejudice as an appropriate sanction. Additionally, at the October 24, 2005 hearing on the defendants' motion to dismiss with prejudice, the plaintiff admitted: "I actually assumed that the court was directing me to file my certificate of closed pleadings *because in the alternative the case was going to be dismissed.*" (Emphasis added.)

Finally, the certificate of closed pleadings, in and of itself, provided notice to the plaintiff that his failure to comply would subject him to sanctions. As noted previously, the certification on the certificate of closed pleadings form required the plaintiff to acknowledge the fact that his failure to certify accurately would subject him to sanctions. Accordingly, the very act of filing the certificate provided the plaintiff with notice that the imposition of sanctions could follow from his conduct. Finally, a hearing on the defendants' motion to dismiss was held on October 24, 2005, at which the plaintiff was given the opportunity to be heard on his reasons for inaccurately filing the certificate of closed pleadings. For all of these reasons, the plaintiff's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.