# NORA STEIN *v.* RICKEY A. HORTON ET AL.
## (AC 26781)

Schaller, DiPentima and McLachlan, Js.

Argued October 10, 2006—officially released February 6, 2007

478

*David F. Borrino*, with whom, on the brief, was *Marylou Scofield*, for the appellant (plaintiff).

*Scott W. Sawyer*, with whom, on the brief, was *Nicholas Grimaldi, Jr.*, for the appellee (defendant Scott W. Sawyer, administrator of the estate of Jason J. Horton, Sr.).

*Opinion*

McLACHLAN, J. The plaintiff, Nora Stein, appeals from the summary judgment rendered by the trial court in favor of the defendants, Rickey A. Horton and Scott W. Sawyer, administrator of the estate of Jason J. Horton, Sr.[1] She also challenges the denial of her motion to reargue and the granting of the estate's subsequent request for sanctions. On appeal, the plaintiff claims that the court improperly (1) determined that the doctrine of res judicata barred her from bringing the present cause of action, (2) denied her motion to reargue and (3) granted sanctions. We affirm in part and reverse in part the judgment of the trial court.

---

[1] The defendant Jason J. Horton, Sr., died during the pendency of this case. The court granted the plaintiff's request to cite in as a defendant Scott W. Sawyer, administrator of the estate of Jason J. Horton, Sr., and the plaintiff's request to amend her complaint accordingly. In this opinion, we refer to this defendant as the estate, and to Rickey Horton and the estate as the defendants.

This case arose from a previous action brought by the plaintiff against Rickey Horton and Jason Horton, Sr., to collect moneys owed to her on a promissory note. In that matter, the court rendered summary judgment as to liability against those defendants; however, it subsequently dismissed the action with prejudice on August 12, 2002, after the plaintiff failed to appear for a hearing in damages on three separate occasions. The court also denied the plaintiff's subsequent motions to open and to reconsider the judgment. We affirmed the trial court's dismissal of that case with prejudice on October 14, 2003. See *Stein* v. *Horton*, 79 Conn. App. 835, 832 A.2d 87 (2003).

On January 20, 2004, the plaintiff initiated the present action. On November 19, 2004, the plaintiff filed an amended revised complaint that alleged unjust enrichment in a single count. In the complaint, the plaintiff alleged that Rickey Horton and Jason Horton, Sr., had executed a promissory note and assigned and endorsed it to her. The complaint further alleged that those individuals received moneys pursuant to the note and failed to repay them. As a result, the complaint alleged that the defendants, who had retained the benefit of the moneys without repayment, had been unjustly enriched and that the plaintiff had been damaged thereby.

On January 24, 2005, the estate filed a motion for summary judgment with a supporting memorandum and exhibits consisting of, among other things, court transcripts, pleadings and decisions from both the trial court and this court regarding the previous and present actions initiated by the plaintiff. On February 2, 2005, Rickey Horton filed a motion for summary judgment, adopting and incorporating the estate's motion for summary judgment and agreeing to be bound by its contents and subject to any ruling handed down by the court. In the memoranda of law in support of their motions for summary judgment, the defendants asserted that

the plaintiff was precluded or estopped from making the claim set forth in her complaint by virtue of the fact that she previously had brought a claim based on the exact same set of facts, which had been dismissed with prejudice, and that the dismissal had been affirmed by this court. On February 14 and 24, 2005, the plaintiff filed memoranda of law in opposition to the defendants' motions for summary judgment.

On June 2, 2005, the court issued a memorandum of decision granting the defendants' motions for summary judgment. The court found that the plaintiff had pleaded in her revised amended complaint virtually the same group of facts that she had pleaded in her previous action, which had been dismissed with prejudice. The court found, inter alia, that the doctrine of res judicata bars the facts alleged and the cause of action claimed in the plaintiff's complaint.

On June 22, 2005, the plaintiff filed a motion to reargue related to the court's ruling on the defendants' motions for summary judgment. The court denied this motion on June 30, 2005. On July 8, 2005, the estate filed an objection to the plaintiff's motion to reargue that included a motion for sanctions. With respect to sanctions, the estate asserted that the plaintiff's motion to reargue was frivolous and requested that the court order the plaintiff to compensate the defendants for expenses and fees incurred to respond to the pleading. The plaintiff failed to respond to that motion, and the court granted the estate's request for sanctions on August 1, 2005.

On August 18, 2005, the plaintiff filed a motion for argument and reconsideration, requesting that the court reconsider its rulings denying the plaintiff's request to reargue and granting sanctions. In that motion, the plaintiff indicated that in response to the court's order granting sanctions, the estate sent to her a bill for more

than $4000 for legal fees and costs for drafting and filing an objection to the plaintiff's motion to reargue. The court denied the plaintiff's motion without a hearing on August 29, 2005. On August 31, 2005, the plaintiff filed a revised motion for argument and reconsideration. The estate filed an objection to this motion on September 2, 2005. The court denied the plaintiff's revised motion for argument and reconsideration on September 22, 2005. This appeal followed.

I

The plaintiff first claims that the court improperly rendered summary judgment on the ground that the plaintiff's action is barred under the doctrine of res judicata.

Before addressing the merits of the plaintiff's claim, we set forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A litigant challenging the trial court's decision to grant a motion for summary judgment is entitled to plenary review of the court's decision." (Citation omitted; internal quotation marks omitted.) *Business Alliance Capital Corp.* v. *Fuselier*, 88 Conn. App. 731, 735, 871 A.2d 1051 (2005). Further, the applicability of the doctrine of res judicata raises a question of law, and is, therefore, also subject to our plenary review. See *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore*, 96 Conn. App. 326, 333, 901 A.2d 49 (2006).

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues

thereby litigated as to the parties . . . in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made *or which might have been made.* . . . To determine whether two claims are the same for purposes of res judicata, we compare the pleadings and judgment in the first action with the complaint in the subsequent action." (Emphasis added; internal quotation marks omitted.) Id., 332.

"The judicial [doctrine] of res judicata . . . [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . [W]*here a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding.*" (Emphasis added; internal quotation marks omitted.) Id. The doctrine supports the policy in Connecticut that "[s]tability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton,* 262 Conn. 45, 59, 808 A.2d 1107 (2002).

"We have adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. [T]he claim [that is] extinguished [by the judgment in the first action] includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time,

space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (Internal quotation marks omitted.) *Cadle Co.* v. *Gabel*, 69 Conn. App. 279, 296, 794 A.2d 1029 (2002).

To support a defense of res judicata, "it must be clear that the court, by the previous dismissal, intended that the disposition was to be without right to further proceedings by the plaintiff." (Internal quotation marks omitted.) *Milgrim* v. *Deluca*, 195 Conn. 191, 197, 487 A.2d 522 (1985). With regard to the parties, the doctrine of res judicata applies to subsequent actions between the same parties *or those in privity with them on the same claim.* See *Twenty-Four Merrill Street Condominium Assn., Inc.* v. *Murray*, 96 Conn. App. 616, 619, 902 A.2d 24 (2006). Thus, under certain circumstances, the doctrine of res judicata may apply even if the previous action ended in a dismissal and the subsequent action does not involve the identical parties.

Here, the court's dismissal of the original action, *with prejudice*, was clearly intended to preclude the plaintiff from commencing another action on the same claim,[2] and the plaintiff does not dispute that the parties in the present action are the same or in privity with the parties

---

[2] In *Milgrim* v. *Deluca*, supra, 195 Conn. 197, the court, in discussing that a dismissal for failure to prosecute is not an adjudication on the merits having a res judicata effect, explained that "our current rules of practice do not authorize a trial court to dismiss a civil case with prejudice for lack of diligence in prosecution. Cf. Practice Book 819." Practice Book § 819 was repealed as of October 1, 1987.

Here, although the dismissal with prejudice occurred because the plaintiff's counsel failed to appear, the record does not indicate the specific basis on which the dismissal was predicated in the original action (i.e., whether the dismissal was for lack of diligence in prosecution) or whether the plaintiff sought an articulation in this regard. Moreover, the plaintiff has not raised any claim on appeal that the court improperly granted the dismissal *with prejudice*. Accordingly, we need not address this issue.

in the original action. Further, the plaintiff has not initiated the present action pursuant to General Statutes § 52-292.[3] Instead, the plaintiff contends that the present action for unjust enrichment, which alleges that the defendants were unjustly enriched as a result of their failure to repay her on a promissory note, was not and could not have been asserted in her original action, which alleged that the defendants breached their contractual obligations by failing to repay her on the same note. We disagree.

In support of her claim, the plaintiff relies exclusively on a Superior Court decision, *Corporate Development International, Inc.* v. *Tenneco Packaging, Inc.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-98-0164069-S (October 21, 1998). The plaintiff argues that this case stands for the proposition that a party may not plead a cause of action for unjust enrichment as an alternative count to a valid cause of action for breach of contract. The plaintiff, however, has clearly misinterpreted that case.[4]

---

[3] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[4] In *Corporate Development International, Inc.* v. *Tenneco Packaging, Inc.*, supra, Superior Court, Docket No. CV-98-0164069-S, the court, inter alia, granted the defendant's motion to strike count three of the plaintiff's complaint, which alleged *within a single count* that there was a contract and that the defendant was unjustly enriched. In making this determination, the court *applied Illinois law* on the basis of a choice of law provision in the contract and cited an Illinois case to support its conclusion. See id. As explained by the court, in reliance upon foreign authority, "[a]dmittedly, pleading unjust enrichment in the absence of a contract, as an alternative

Parties routinely plead alternative counts alleging breach of contract and unjust enrichment, although in doing so, they are entitled only to a single measure of damages arising out of these alternative claims. See, e.g., *Banks Building Co., LLC* v. *Malanga Family Real Estate Holding, LLC*, 92 Conn. App. 394, 395 n.2, 885 A.2d 204 (2005) ("plaintiff alleged breach of contract and, alternatively, unjust enrichment"); *MD Drilling & Blasting, Inc.* v. *MLS Construction, LLC*, 96 Conn. App. 798, 804, 902 A.2d 686 (2006) ("while we acknowledge that the plaintiff may not recover more than a single measure of damages, we conclude that the plaintiff was entitled to judgment on the breach of contract and unjust enrichment claims"). Under this typical belt and suspenders approach, the equitable claim is brought in an alternative count to ensure that the plaintiff receives some recovery in the event that the contract claim fails. See, e.g., *United Coastal Industries* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 511, 802 A.2d 901 (2002) ("[c]ounts two and three of the complaint, which seek damages for unjust enrichment and quantum meruit are meant to provide an alternative basis for recovery in the event of a failure to prove the breach of contract claim in count one"); *Bolmer* v. *Kocet*, 6 Conn. App. 595, 612, 507 A.2d 129 (1986) ("[a]lthough the plaintiffs did not specifically label [the unjust enrichment] count as being in the alternative to the first and second counts, it is clear that it is meant to provide an alternative basis for recovery in the event of a failure of proof under those counts"). The plaintiff's argument

to a breach of contract, is permitted. . . . A party may set forth two or more statements of a claim or defense alternately or hypothetically. However, Rule 8 (e) (2) [of the Federal Rules of Civil Procedure] *allows inconsistency between claims, not inconsistency within a single contract claim.*" (Citation omitted; emphasis added; internal quotation marks omitted.) Id. Thus, the plaintiff's contention that this case stands for the proposition that unjust enrichment may not be pleaded as an alternative to breach of contract *in a separate count* is plainly incorrect.

that a party may not, as a matter of law, plead an alternative related count for unjust enrichment when that party has a good faith belief that a valid breach of contract cause of action lies, therefore, is without merit.

The plaintiff also argues that her present cause of action for unjust enrichment could not have been asserted in the previous action because the claim did not accrue until the first action was dismissed and, therefore, res judicata is not implicated. In order to determine whether two claims are the same for purposes of res judicata, however, we must compare the pleadings and judgment in the previous action with the complaint in the present action. See *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore*, supra, 96 Conn. App. 332. It is clear that both causes of action stem from a single group of facts and that the causes of action are related in time and motivation. In relevant part, the complaint in the original matter, which was dismissed with prejudice, alleged that Rickey Horton and Jason Horton, Sr., executed a promissory note in the amount of $24,975 on or about December 31, 1998, assigned that note to the plaintiff and defaulted on their agreement to repay her. The plaintiff's amended revised complaint in the present action alleges, in pertinent part, that Rickey Horton and Jason Horton, Sr., executed a promissory note in the amount of $24,975 on or about December 31, 1998, and defaulted on their agreement to repay the plaintiff.

Despite the plaintiff's argument that the unjust enrichment cause of action did not accrue until the dismissal of the prior matter, the present complaint is devoid of any reference to the court's dismissal of the previous action. Moreover, in an action for unjust enrichment, the plaintiff must prove "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."

(Internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 573, 898 A.2d 178 (2006). Even if we assume arguendo that the allegations set forth in the plaintiff's second complaint are true, each of the elements of the cause of action in the present claim would have occurred concurrently with the original breach of contract claim. As such, the court's dismissal of the original case would not constitute a material operative fact that might affect the res judicata analysis. See *Marone* v. *Waterbury*, 244 Conn. 1, 15 n.14, 707 A.2d 725 (1998) ("[m]aterial operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a *second action* not precluded by the first" [emphasis in original; internal quotation marks omitted]).

Accordingly, we conclude that the plaintiff is simply attempting to relitigate a matter that she already has had an opportunity to litigate, which invokes the principles of res judicata. See, e.g., *Lehto* v. *Sproul*, 9 Conn. App. 441, 445, 519 A.2d 1214 (1987) (affirming trial court's rendering of summary judgment on ground that res judicata barred subsequent claim for, inter alia, unjust enrichment on same set of facts); *Vakalis* v. *Kagan*, 18 Conn. App. 363, 364, 557 A.2d 1285 (1989) (affirming trial court's rendering of summary judgment on ground that principles of res judicata barred plaintiff from bringing second cause of action stemming from same set of facts against same defendants). We conclude, therefore, that the court did not improperly find that the plaintiff's action was barred by the doctrine of res judicata in rendering summary judgments in favor of the defendants.

II

The plaintiff claims next that the court abused its discretion in denying her motion to reargue the summary judgment motions. We do not agree.

Through her motion to reargue, the plaintiff sought to have the court reconsider its ruling on the defendants' motions for summary judgment with respect to its legal determination related to the applicability of the doctrine of res judicata. We review a trial court's decision on such matters for an abuse of discretion. See *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 655, 905 A.2d 1256 (2006). "[A]s with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. . . . In addition, where a motion is addressed to the discretion of the court, the burden of proving an abuse of that discretion rests with the appellant." (Internal quotation marks omitted.) Id.

"[R]eargument is proper when intended to demonstrate to the court that there is some . . . principle of law which would have a controlling effect, and which has been overlooked . . . ." (Internal quotation marks omitted.) Id., 656. Here, because we have determined that the court properly granted the defendants' motions for summary judgment on the ground that the plaintiff's action was barred by the doctrine of res judicata, we conclude that the court did not abuse its discretion in denying the plaintiff's motion to reargue that issue.

### III

Finally, the plaintiff claims that the court improperly ordered a sanction of costs on the basis of a frivolous pleading and improperly denied her an opportunity to be heard as to the amount of the sanctions. We agree that the court abused its discretion with respect to the amount of sanctions.

"Whether to allow counsel fees and in what amount calls for the exercise of judicial discretion." (Internal quotation marks omitted.) *Esposito* v. *Esposito*, 71

Conn. App. 744, 747, 804 A.2d 846 (2002). Accordingly, we review the court's imposition of counsel fees and costs as a sanction for dilatory, bad faith and harassing conduct for abuse of that discretion.

"We have long recognized that, apart from a specific rule of practice authorizing a sanction, the trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules. . . . Our trial courts have the inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated." (Internal quotation marks omitted.) *DuBois* v. *William W. Backus Hospital*, 92 Conn. App. 743, 748, 887 A.2d 407 (2005), cert. denied, 278 Conn. 907, 899 A.2d 35 (2006).

"As a procedural matter, before imposing any such sanctions, the court must afford the sanctioned party or attorney a proper hearing on the . . . motion for sanctions. There must be fair notice and an opportunity for a hearing on the record. . . . This limitation, like the substantive limitations stated in the following discussion, is particularly appropriate with respect to a claim of bad faith or frivolous pleading by an attorney, which implicates his professional reputation. . . .

"As a substantive matter, [t]his state follows the general rule that, except as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously,

wantonly or for oppressive reasons." (Citations omitted; internal quotation marks omitted.) *Maris* v. *McGrath*, 269 Conn. 834, 844, 850 A.2d 133 (2004).

With respect to attorney's fees, our Supreme Court has recently clarified the rule that "when a court is presented with a claim for attorney's fees, the proponent must present to the court . . . a statement of the fees requested and a description of services rendered. Such a rule leaves no doubt about the burden on the party claiming attorney's fees and affords the opposing party an opportunity to challenge the amount requested at the appropriate time." *Smith* v. *Snyder*, 267 Conn. 456, 479, 839 A.2d 589 (2004).

"[A]lthough the proponent bears the burden of furnishing evidence of attorney's fees at the appropriate time, once a *request* for attorney's fees has been made, it is incumbent on the opposing party either to object or to respond to the request. . . . . Moreover, a failure to do so will evince that the plaintiff effectively acquiesced in that request, and, consequently, [the plaintiff on appeal] will not be heard to complain about that request." (Citation omitted; emphasis in original; internal quotation marks omitted.) *DuBois* v. *William W. Backus Hospital*, supra, 92 Conn. App. 750.

Here, the estate's motion for sanctions was filed on July 8, 2005. The plaintiff failed to respond to this motion, and it was granted by the court on August 1, 2005. Thus, the plaintiff was afforded an opportunity to object to this motion, but she failed to do so. See id. Accordingly, we conclude that because the plaintiff failed to object to the request for sanctions at the appropriate time, she cannot now claim that the court abused its discretion when it imposed the sanction against her. See *Smith* v. *Snyder*, supra, 267 Conn. 481 ("although a bare request for attorney's fees, without more, ordi-

narily would not suffice under the clarifying rule we announce today, we conclude that a reversal of the award in the present case is not justified in light of the defendants' failure, prior to this appeal, to interpose *any objection whatsoever* to the plaintiffs' request for attorney's fees" [emphasis in original]).

Nevertheless, although the plaintiff waived objection to the imposition of the sanctions, she did not waive objection as to the amount. It is undisputed that in seeking costs, the estate did not comply with even the most minimal requirements to provide "a statement of the fees requested and a description of services rendered." (Internal quotation marks omitted.) *DuBois* v. *William W. Backus Hospital*, supra, 92 Conn. App. 749. Moreover, the plaintiff lodged a seasonable objection disputing the amount in her motion for argument and reconsideration filed on August 18, 2005. The court denied this motion without a hearing. As a result, the plaintiff was not afforded the opportunity to challenge the amount requested.

We must conclude, therefore, that the court abused its discretion when it denied the plaintiff's August 18, 2005 motion for argument and reconsideration which, in effect, imposed costs, including attorney's fees, on the plaintiff without submission by the estate of a statement of the fees requested and a description of services rendered, and without affording the plaintiff the opportunity to be heard on the amount.

The judgment is reversed only as to the amount of the sanctions and the case is remanded for a hearing to determine the amount of sanctions in the form of costs and fees related to the motion for sanctions. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.