MEMORANDUM OF DECISION ON PLAINTIFF’S MOTION TO ADD DEFENDANTS
JANE W. FREEMAN, Judge.
The Plaintiff has moved to add The Mohegan Tribe of Indians of Connecticut (“Tribe”) and the Attorney General of the Mohegan Tribe as additional Defendants and to amend his complaint[1] (“Plaintiffs 12/24/08 Motion”). He argues that the Tribe and the Attorney General are “interested parties for, inter alia, establishing and enacting new ordinances.” The Defendant has filed an Objection thereto dated December 29, 2008 (“Objection”). The Defendant argues that Plaintiffs 12/24/08 Motion should be denied because the Plaintiff has only changed the caption in the proposed amended complaint (as he did in the December 15, 2008 proposed amended complaint) and because the Plaintiff has failed to comply with the procedural requirements for adding parties. Neither party has requested a hearing.
The Court previously denied Plaintiffs “Motion to Amend Complaint” dated December 15, 2008 (“Plaintiffs 12/15/08 Motion”) (Pleading # 126). Plaintiffs *92 12/15/08 Motion did not request permission to add the Tribe as a party defendant; the Plaintiff had simply added the Tribe’s name in the caption of the proposed amended complaint and only sought permission to amend his complaint. In addition, the Plaintiff had not sought modification of the Court’s Scheduling Order dated December 8, 2008. In contrast, the pleadings filed by the Plaintiff on December 24, 2008 include a Motion to Modify Scheduling Order (Pleading # 130) and a specific request to the Court for permission to add Defendants (Plaintiffs 12/24/08 Motion).
The Defendant contends that the Plaintiffs 12/24/08 Motion still does not comply with the applicable procedural requirements, but the Objection does not describe the claimed deficiencies. In support of Plaintiffs 12/24/08 Motion, the Plaintiff cites G.D.C.P. §§ 12.c. and 13.a„ which provide, respectively, as follows:
Interested Persons as Defendants. Any person may be made a defendant who has or claims to have an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary to make a party for a complete determination or settlement of any question involved therein.
G.D.C.P. § 12.c.
Additional parties summoned by the court. If a complete determination of the controversy as between the parties before the court cannot be made without the presence of other parties, the court may direct that such parties be brought in. If a person not a party has an interest, which the judgment will affect, the court, on motion, shall direct that person to be made a party.
G.D.C.P. § 13.a.
The portion of the Plaintiffs 12/24/08 Motion seeking to add the Tribe as a Defendant is authorized by both G.D.C.P. § 12.c. and G.D.C.P. § 13.a.. However, G.D.C.P. § 12.c. does not indicate whether the person filing a motion must be the non-party seeking to be joined or may be an existing party. Where neither the Gaming Disputes Trial Court Rules of Civil Procedure nor tribal law address a particular matter, such matter shall be governed by the Connecticut Superior Court Civil Rules and the Connecticut General Statutes. G.D.C.P. § l.[2] Conn. Prac. Book § 9-6[3] is exactly the same as G.D.C.P. § 12.c. and therefore does not address who may file a motion under that section. But Conn. Gen.Stat. § 52-101, referenced in the notes to Conn. Prac. Book § 9-6 and very similar to § 9-6, does provide that such a motion may be made by “any party or nonparty to a civil action.”[4] The Plaintiff, then, is a proper person to file a motion to add a party defendant under G.D.C.P. § 12.c. In addition, the Tribe has an interest in the controversy adverse to that of the Plaintiff. The Plaintiff has asked the Court to determine that certain provisions in the Election Code, MTC § 1-201, et seq. *93 (“Election Code”), violate the Mohegan Constitution. While the Mohegan Tribal Council enacted the Election Code as the legislative body of the Tribe, Mohegan Const., Art. IX, § 1, the Tribe also has an interest in any constitutional challenge to its election procedures and the Election Code.
In addition to the above reasons, the Tribe has further interests which the judgment of this Court will affect. G.D.C.P. § 13.a. The Plaintiff has requested affirmative relief, including, inter alia, an injunction enjoining the Defendants from conducting any future elections under the existing balloting process. The Tribe has an interest in assuring that all future elections proceed in a timely manner and without interference. Therefore, it has a paramount interest in the judicial resolution of the constitutional and other challenges to its election procedures in this action.
The Plaintiffs 12/14/08 Motion is not procedurally deficient. The Gaming Disputes Trial Court Rules of Civil Procedure do not contain any forms for the joinder of parties. In addition, the forms for joinder of parties in the Connecticut Practice Series are illustrative, unless otherwise provided in the rules. J. Kaye and W. Effron, 2 Connecticut Practice Series: Civil Practice Forms (4th Ed.2004), Preface. The procedure most frequently used in Connecticut practice to join additional parties, is for the moving party to file a Motion to Cite Party Defendant and a proposed order.[5] One reason the Court denied Plaintiffs previous 12/15/08 Motion, was the Plaintiffs failure to follow the proper procedure for joining parties. Specifically, the Plaintiff did not move for permission to join a defendant; did not submit a memorandum of law; and simply filed a proposed amended complaint adding the Tribe’s name in the caption. In connection with Plaintiffs 12/24/08 Motion, however, the Plaintiff has moved for permission to add defendants; has submitted a “brief’ with his legal authority; and has appended a proposed amended complaint. Although the text of the proposed Amended Complaint dated December 24, 2008 is the same as the text of the Amended Complaint dated December 4, 2008, the former complaint already indicates, on its face, the interests of the Tribe in this action. The Plaintiff has alleged that certain provisions in the Tribe’s Election Code abridge his free speech rights guaranteed under the Indian Civil Rights Act and abridge his right to equal protection of the Tribe’s laws by not allowing him to participate in the Tribe’s political process. He has also alleged that the Tribe’s election procedures and certain sections of its Election Code are unconstitutional. Since the Plaintiffs December 4, 2008 Amended Complaint already indicated the Tribe’s interest in this action, the Plaintiffs failure to change the text of the Amended Complaint does not require denial of the Plaintiffs 12/24/08 Motion as urged by the Defendant.
Further, while the Plaintiffs 12/24/08 Motion is not labeled a “Motion to Cite Party Defendants,” that specific pleading is not the exclusive or required form for the joinder of parties. The Court finds that the Plaintiffs 12/24/08 Motion is clear in its substance and intention. The Plaintiff clearly intended to request Court permission to add both the Tribe and the Attorney General as party defendants. In addition, the Plaintiff’s “brief’ sets forth legal authority for their joinder and the *94 claimed interests of the proposed defendants.
Connecticut courts have a policy to be solicitous of the rights of pro se litigants, and when it does not interfere with the rights of other parties, to construe the rules of practice liberally in favor of the pro se party. Solomon v. Connecticut Medical Examining Board, 85 Conn.App. 854, 861, 859 A.2d 932, cert. denied, 273 Conn. 906, 868 A.2d 748 (2005).[6] “The courts adhere to this rule to ensure that pro se litigants receive a full and fair opportunity to be heard, regardless of their lack of legal education and experience. This rule of construction has limits, however. Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law.” DuBois v. William W. Backus Hospital, 92 Conn.App. 743, 752, 887 A.2d 407, cert. denied, 278 Conn. 907, 899 A.2d 35 (2006). In this case, there is no requirement that the Plaintiff use a particular form of pleading to join additional parties; therefore, the Plaintiff has not failed to comply with an applicable procedural requirement. Further, no claim has been made by the Defendant that joining the Tribe as a party at this stage of the proceedings, will interfere with the Defendant’s rights.
The Plaintiff has also moved for permission to join the Attorney General as a defendant, alleging that “the Attorney General ... [is] ... interested ... for, inter alia, establishing and enacting new ordinances.” However, the Mohegan Tribal Council, and not the Attorney General, is charged with the responsibility of establishing and enforcing all ordinances governing tribal members. Mohegan Const., Art. IX, § 2(n).
For the foregoing reasons the Plaintiffs 12/24/08 Motion is granted in part and denied in part, as follows:
1. The portion of the Plaintiffs 12/24/08 Motion which seeks to add the Mohegan Tribe of Indians of Connecticut as a defendant is granted and the Defendant’s Objection thereto is overruled;
2. The portion of the Plaintiff’s 12/24/08 Motion which seeks to add the Attorney General as a defendant is denied and the Defendant’s Objection thereto is sustained;
And it is ORDERED, that the Defendant shall serve an Amended Complaint showing the interests of The Mohegan Tribe of Indians of Connecticut in this action within the time and manner set forth in the Order appended in Appendix A.
APPENDIX A
DOCKET NO. CV-08-0133
KENNETH DAVISON vs. MOHEGAN TRIBE ELECTION COMMITTEE
MOHEGAN TRIBAL COURT
JANUARY 7, 2009
ORDER
It is hereby ORDERED, that on or before January 16, 2009 the Plaintiff shall *95 serve an Amended Complaint showing the interest of The Mohegan Tribe of Indians of Connecticut in this action and summon The Mohegan Tribe of Indians of Connecticut to appear as a defendant and answer the said Amended Complaint within thirty (30) days after service thereof on said defendant, by causing some proper officer to serve on The Mohegan Tribe of Indians of Connecticut in the manner prescribed by law1, a true and attested copy of this Order, a true and attested or certified copy of the amended complaint in this action, and a Summons and due return make.
And it is further ORDERED, that on or before January 16, 2009, the Plaintiff shall also serve a true and attested copy of this Order, a true and attested or certified copy of the Amended Complaint in this action, and a copy of the foregoing Summons, on the Defendant, Mohegan Tribe Election Committee, in the manner provided by law.
BY THE COURT
(Freeman, J.)
Clerk of the Court

. The Plaintiff's pleading is entitled “Motion to Add Defendant And Amend Complaint And Brief In Support of Motion To Add Defendant and Motion To Withdraw Motion To Amend Complaint dated December 15, 2008” (Pleading # 129).

. G.D.C.P. § 1 provides, in pertinent part, as follows: “fajny matter not covered by these rules or by tribal law shall be governed by the Connecticut Superior Court Civil Rules and the Connecticut General Statutes....”

. Conn. Prac. Book § 9-6 provides: “Any person may be made a defendant who has or claims to have an interest in the controversy or any part thereof, adverse to the plaintiff, or whom it is necessary to make a party for a complete determination or settlement of any question involved therein.”

.Conn. Gen.Stat, § 52-102 provides, in part, as follows: “Upon motion made Iry any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims to have an interest in the controversy....” (emphasis added).

. J. Kaye and W. Effron, 2 Connecticut Practice Series: Civil Practice Forms (4th Ed.2004), Form 106.4.

. Since this Court’s inception, a significant percentage of the civil cases filed have been brought by pro se litigants. Eighty per cent of the civil cases filed have been filed be pro se plaintiffs. Almost half of all civil cases filed have been filed by tribal members as pro se plaintiffs. Therefore, this Court?s adherence to the policy adopted by Connecticut courts will serve the interests of tribal members who proceed as pro se parties in the Mohegan Tribal Court.