NEW HAVEN SAVINGS BANK *v.*
ANGELO MONGILLO ET AL.
(AC 20299)

Foti, Schaller and Mihalakos, Js.

Argued October 25, 2001—officially released January 29, 2002

*Ralph C. Crozier*, with whom, on the brief, was *Michael P. Gannon*, for the appellant (defendant Cosmina Setaro).

*Robert N. Sensale*, with whom, on the brief, was *Joseph J. Sensale*, for the appellee (plaintiff).

*Opinion*

MIHALAKOS, J. The defendant Cosmina Setaro[1] appeals from the judgment of the trial court approving a sale after a judgment of foreclosure by sale. On appeal, the defendant claims that the trial court improperly granted the committee's motion for the acceptance and the approval of the committee's report, deed and sale and denied her motion to reconsider and request for reargument. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On September 24, 1987, Antonio Setaro executed a promissory note in the principal amount of $230,000 payable to Colony Savings Bank. The note was secured by a mortgage on real property located at 59 Nonnewaug Road in Bethlehem. Subsequently, the Federal Deposit Insurance Corporation was appointed receiver of Colonial Savings Bank.

The New Haven Savings Bank purchased the note from the Federal Deposit Insurance Corporation on July 15, 1992, and the note and mortgage were transferred

---

[1] The named defendant, Angelo Mongillo, was the trustee of the Antonio Setaro Qualified Personal Residence Trust dated April 15, 1994. Cosmina Setaro came to own the subject property by virtue of a divorce decree after the institution of the present action. We refer in this opinion to Cosmina Setaro as the defendant.

by a written notice of transfer. On January 20, 1998, following Antonio Setaro's default for nonpayment, the plaintiff commenced this foreclosure action. Thereafter, on September 7, 1999, the court, *Sheedy, J.*, rendered a judgment of foreclosure by sale. After determining the amount of the costs and debt that was due on the note, the court appointed a committee and ordered the property to be sold at auction on October 23, 1999.

The property was sold to the highest bidder on October 23, 1999. Subsequently, the committee filed a motion for approval of the committee's sale, acceptance of the committee's report, approval of the committee's deed and allowance of fees and expenses of the committee and appraiser, to which the defendant objected. After a hearing, the court, *DiPentima, J.*, accepted the committee's report, approved the committee's deed, confirmed the sale and rendered judgment. The court did not issue a written decision in this matter. Thereafter, on November 30, 1999, the defendant filed a request for reconsideration and to reargue, which the court denied on December 14, 1999. This appeal followed.

The defendant argues that the court abused its discretion when it confirmed the sale and overruled her objection. She further argues that the court abused its discretion when it denied her motion for reconsideration and to reargue. We decline to review these claims because the defendant has failed to provide an adequate record.

"The duty to provide this court with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998); see Practice Book § 60-5. In the case now before us, the record is inadequate for review because the court did not issue a written decision or a signed transcript of its approval of the

sale or of its denial of the motion for reconsideration and to reargue. See Practice Book § 64-1.

This court has on occasion, however, reviewed an appellant's claims in light of an unsigned transcript as long as the relevant transcript contains a sufficiently detailed and concise statement of the trial court's findings. See *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 778–79, 622 A.2d 588 (1993); cf. *Centerbank* v. *Gross*, 31 Conn. App. 38, 39–40, 622 A.2d 1066 (1993) (review not afforded because unsigned transcript did not reveal basis of trial court's factual conclusions).

In the present case, the only transcript available is that of the hearing on the motion to approve the foreclosure sale and the defendant's objection. The transcript contains only the arguments of the parties, not the court's factual findings or legal conclusions. The court did not issue an oral decision on the motion to approve the sale or on the motion to reconsider, and, therefore, the record is silent as to the court's reasoning. In addition, the defendant did not request an articulation of the court's decision. See Practice Book § 66-5.

"We, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Alix* v. *Leech*, 45 Conn. App. 1, 5, 692 A.2d 1309 (1997). Because there is no articulation of the court's reasoning and it is the responsibility of the appellant to provide an adequate record for review, we are unable to review these claims.

The judgment is affirmed.

In this opinion the other judges concurred.