### DEY, SMITH AND COLLIER, LLC *v.* ANITA F. STEENSON
#### (AC 23732)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*Vincent M. Marino* and *Barbara M. Schellenberg* filed a brief for the appellant (defendant).

*John-Henry M. Steele* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Anita F. Steenson, appeals from the order of the trial court granting a prejudgment attachment[1] in the amount of $66,307.40 in favor of the plaintiff, Dey, Smith and Collier, LLC. The defendant claims that the court improperly found that the plaintiff had demonstrated sufficient probable

---

[1] The granting or denial of a prejudgment remedy is deemed a final judgment for purposes of appeal. General Statutes § 52-278*l* (a).

cause that a judgment would be rendered in that amount. We affirm the order of the trial court.

The following facts and procedural history are necessary for the resolution of the defendant's appeal. The defendant, an attorney licensed to practice law in Connecticut, was associated with the plaintiff, a Connecticut law firm. Although the parties dispute the extent of the working relationship, it is clear that the terms of a "Memo of Agreement" between them governed the division of legal fees. The parties agreed that fees earned by the defendant were to be divided and disbursed on a monthly basis. For the first $10,000 in fees generated by the defendant, 45 percent went to the plaintiff and 55 percent went to the defendant. For the next $10,000, 40 percent went to the plaintiff and 60 percent went to the defendant. If the defendant generated more than $20,000 in fees, but less than $100,000, 35 percent went to the plaintiff and 65 percent went to the defendant. For fees greater than $100,000, 20 percent went to the plaintiff and 80 percent went to the defendant.

The relationship between the parties began to deteriorate, and on April 13, 2000, the defendant left the plaintiff's building and took certain files and computers with her. As a result of the defendant's departure and removal of files, a dispute regarding fees ensued.

The plaintiff filed an application for a prejudgment attachment in the amount of $100,000. Accompanying the application was an unsigned, four count complaint that essentially alleged that the defendant had breached the contract between the parties, that the defendant was unjustly enriched and that the plaintiff was entitled to interest pursuant to General Statutes § 37-3a. After a hearing, the court granted the plaintiff's application, but only in the amount of $66,307.40.

The court based its award on testimony regarding two files. Edmund Q. Collier, a partner in the plaintiff

law firm, testified that the defendant, while associated with the plaintiff, had worked on a divorce case and that the fees were approximately $60,000. He further stated that the defendant repeatedly had represented that the fee could not be collected.

Collier also testified about a dog bite case in which there was a settlement offer of $18,000. He stated that the plaintiff was entitled to a $6000 fee plus costs for that case. The defendant took the dog bite file and subsequently negotiated a settlement in the amount of approximately $30,000.

On appeal, the defendant argues that the plaintiff failed to produce sufficient evidence as to the damages it allegedly sustained. Specifically, the defendant claims that pursuant to the terms of the "Memo of Agreement," the maximum amount of money the plaintiff would be entitled to for legal fees generated by the defendant in the amount of $60,000 was $22,500 (45 percent of $10,000, plus 40 percent of the next $10,000, plus 35 percent of the remaining $40,000; $4500 plus $4000 plus $14,000 equals $22,500). The defendant also claims that Collier's testimony was insufficient to support a finding that the defendant had generated $60,000 in fees. Finally, the defendant claims that the evidence did not support a finding that the dog bite file supported an award of $6307.40.

We decline to review the defendant's claim because the record before us is inadequate. The defendant failed to file a motion for articulation with respect to the amount of the attachment awarded by the court. "It is well settled that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its

decision, thereby sharpening the issues on appeal. . . . The [appellant's] failure to seek an articulation of the trial court's decision to clarify the aforementioned issues and to preserve them properly for appeal leaves this court without the ability to engage in a meaningful review." (Citation omitted; internal quotation marks omitted.) *Alliance Partners, Inc.* v. *Oxford Health Plans Inc.*, 263 Conn. 191, 204, 819 A.2d 227 (2003).

Furthermore, as we often have stated, "[i]t is incumbent on the appellant to provide an adequate record for appellate review. See Practice Book § 60-5. Here, the [appellant] did not seek an articulation of the court's findings. See Practice Book § 66-5. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claim] would be entirely speculative." (Internal quotation marks omitted.) *Santangelo* v. *Elite Beverage, Inc.*, 65 Conn. App. 618, 622, 783 A.2d 500 (2001).

In the present case, there is no factual record as to the court's reasoning when it determined the amount of the attachment. After the court rendered its oral decision, counsel for the defendant made an oral motion to reconsider. The court denied the motion. Nevertheless, that denial did not obviate the requirement that the defendant take the necessary steps to ensure an adequate record for meaningfully appellate review. In the absence of such a record, we will not make any further inquiry.

The order is affirmed.