GOLNAZ SHOBEIRI *v.* ANNE W. RICHARDS ET AL.
(AC 28299)

Flynn, C. J., and DiPentima and Lavine, Js.

Argued September 19—officially released October 30, 2007

*Anne W. Richards,* pro se, the appellant (named defendant).

*Maureen O'Doherty,* for the appellee (plaintiff.)

*Opinion*

PER CURIAM. This is an appeal from the judgment of the trial court in favor of the plaintiff, Golnaz Shobeiri, for money damages resulting from the breach of a residential lease agreement. The pro se defendant Anne W. Richards[1] claims that the court improperly (1) failed to apply provisions of the Bridgeport housing code to the facts and (2) found her liable for rent for the entire term of the lease without requiring the plaintiff to mitigate her damages. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the defendant's appeal. In her

---

[1] Fairfield County Real Estate Company and its agent, Erika R. Urszenyi, also were defendants at trial. As the trial court found in favor of these defendants, they are not parties to this appeal. We therefore refer in this opinion to Richards as the defendant.

complaint, the plaintiff alleged that on October 31, 2003, the parties entered into a lease agreement according to which the defendant would rent 25 Cartwright Street, unit 8A, in Bridgeport, a condominium owned by the plaintiff, for a term of one year commencing on November 1, 2003. The defendant admitted in her answer that she signed the lease, but claimed that no rent was due because certain housing and health code violations existed in the unit. Soon after moving in, the defendant moved out, notified the plaintiff that she had vacated the property, and requested the return of her security deposit.

Following a trial on November 8 and 9, 2006, the court rendered an oral decision in favor of the plaintiff, concluding that the defendant "did violate the lease" and "had no legal grounds for leaving the premises or vacating the premises." Finding the defendant responsible for the entire term of the lease, the court stated, "I find [that] the testimony of [the defendant] was overcooked, overdone. I'm unable to agree with her that the premises were in the condition that she says they were in . . . ." The court ordered the defendant to pay damages of $950 per month, crediting her with three months rent paid, for a total of $8550. While issuing its ruling, the court did not address the applicability of the Bridgeport housing code or the question of mitigation of damages. The defendant then filed this appeal.

The court issued neither a memorandum of decision nor a signed transcript. Practice Book § 64-1 (a) provides in relevant part: "The court shall state its decision either orally or in writing . . . . If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court

clerk's office. . . ." Practice Book § 64-1 (b) provides in relevant part that "[i]f the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision . . . the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with subsection (a). . . ." Section 64-1 clearly establishes the procedure to be followed by an appellant in the event that the trial court fails to comply with Practice Book § 64-1 (b). *Chase Manhattan Bank/ City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998). A defendant who fails to utilize this procedure fails to ensure an adequate record for review. Id.

In cases in which the requirements of Practice Book § 64-1 have not been followed, this court has declined to review the claims raised on appeal due to the lack of an adequate record. See *New Haven Savings Bank* v. *Mongillo*, 67 Conn. App. 799, 789 A.2d 547 (2002). "This court has on occasion, however, reviewed an appellant's claims in light of an unsigned transcript as long as the relevant transcript contains a sufficiently detailed and concise statement of the trial court's findings." Id., 802. In this case, such a statement of the court's findings might exist had the defendant filed a motion for articulation, which she did not. "It is well settled that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision . . . ." (Internal quotation marks omitted.) *Dey, Smith & Collier, LLC* v. *Steenson*, 79 Conn. App. 831, 833–34, 832 A.2d 82, cert. denied, 267 Conn. 903, 838 A.2d 209 (2003). An "[appellant's] failure to seek an articulation of the trial court's decision to clarify the . . . issues and to preserve them properly for appeal

leaves this court without the ability to engage in a meaningful review." (Internal quotation marks omitted.) Id., 834. Because the defendant failed to file a motion for articulation of the court's decision, no detailed and concise statement of the court's findings complements the inadequate record before us.

Pursuant to Practice Book § 60-5, it is the responsibility of the appellant to provide an adequate record for review. "The duty to provide this court with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 48 Conn. App. 607.

We are mindful in reaching our decision that the defendant represents herself on appeal. "This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. . . . For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Citation omitted; internal quotation marks omitted.) *Wasilewski* v. *Machuga*, 92 Conn. App. 341, 342, 885 A.2d 216 (2005).

"Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting [a] claim would be entirely speculative." (Internal quotation marks omitted.) *New Haven Savings Bank* v. *Mongillo*, supra,

67 Conn. App. 802. Because the defendant failed to provide us with an adequate record for review, we cannot review the merits of her claims.

The judgment is affirmed.