******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ANDREW J. PICCOLO, JR. *v.* AMERICAN
AUTO SALES, LLC, ET AL.
(AC 41988)

DiPentima, C. J., and Lavine and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages arising out of a dispute over his purchase of a motor vehicle from the defendant A Co. The plaintiff's revised complaint alleged fraud, negligent misrepresentation, breach of contract, and unjust enrichment, and claimed that the vehicle was not in good condition when he purchased it and that the defendants had failed to make certain promised repairs. The defendants filed a motion to strike several counts of the complaint, including counts four and eight, which alleged unjust enrichment. The defendants claimed that because paragraph 5 of count one, which sounded in fraud, alleged that the plaintiff had relied on the defendants' representations, both oral and written, that the motor vehicle was in sound condition, and because paragraph 5 was incorporated by reference into counts four and eight, the plaintiff had alleged that there was an oral and written contract that was breached and, therefore, could not properly allege unjust enrichment. The trial court granted the motion to strike as to counts four and eight, and the remaining counts were tried to the jury, which found in favor of the defendants. From the judgment rendered thereon, the plaintiff appealed to this court. *Held* that the trial court improperly granted the defendants' motion to strike the unjust enrichment counts of the revised complaint, as the court mistakenly concluded that the plaintiff had incorporated allegations of breach of an express contract in the unjust enrichment counts: parties routinely plead alternative counts alleging breach of contract and unjust enrichment, although in doing so, they are entitled only to a single measure of damages arising out of those alternative claims, given that reliance is an essential element of a claim of fraud and that false representations can be oral and written, this court did not construe paragraph 5 of count one as alleging an express contract or agreement between the parties, and given that count four sounded in unjust enrichment and incorporated the first nine paragraphs of count one, which established the relationship between the parties and did not allege a breach of contract, the plaintiff did not allege an express contract in the unjust enrichment counts, nor did he incorporate the breach of contract allegations in the unjust enrichment counts but, rather, separately alleged breach of contract in counts three and seven and unjust enrichment in counts four and eight; accordingly, the trial court should not have granted the motion to strike counts four and eight of the revised complaint.

Argued October 24, 2019—officially released January 28, 2020

*Procedural History*

Action, by way of a revised complaint, to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *Brazzel-Massaro, J.*, granted in part the defendants' motion to strike; thereafter, the court granted the defendants' motion for judgment as to certain counts of the complaint and rendered judgment thereon; subsequently, the remaining counts were tried to the jury before *Brazzel-Massaro, J.*; verdict and judgment for the defendants, from which the plaintiff appealed to this court. *Reversed; further proceedings.*

*Andrew J. Piccolo, Jr.*, self-represented, the appel-

lant (plaintiff).

   *Michael A. Fasano, Jr.*, with whom were *Julie R. Fasano* and, on the brief, *Michael A. Fasano, Sr.*, for the appellee (defendant).

*Opinion*

LAVINE, J. The self-represented plaintiff, Andrew J. Piccolo, Jr., appeals from the judgment of the trial court, rendered after a trial to a jury, in favor of the defendants, American Auto Sales, LLC (business), and Robert J. Vitale, Sr. (Vitale). On appeal, the plaintiff claims that the court erred as a matter of law by striking counts four and eight of his revised complaint, which sounded in unjust enrichment, because it mistakenly concluded that the plaintiff had incorporated the allegations of the existence and breach of an express contract and unjust enrichment in those counts. We agree with the plaintiff and, therefore, reverse the judgment of the trial court.

The record discloses the following facts. On July 26, 2010, the plaintiff purchased a used 1997 Chevy Lumina motor vehicle (auto) from the business for $2398. At that time, Vitale held a managerial position with and had an ownership interest in the business. On July 30, 2013, the plaintiff commenced a civil action against the defendants. Pursuant to an order of the court, the plaintiff filed a revised eight count complaint on February 3, 2017. The counts sounded in fraud, negligent misrepresentation, breach of contract, and unjust enrichment against each of the defendants. The first four counts were alleged against the business, and the second four counts were alleged against Vitale. The plaintiff alleged that Vitale had made certain representations concerning the soundness of the auto, which the plaintiff relied on when he bought it. He also alleged that Vitale had agreed to repair the auto at no cost, if necessary. The plaintiff further alleged that the auto was not in good condition and that the defendants failed to make the repairs as promised.

In reply, the defendants filed a motion to strike counts four through eight of the revised complaint.[1] The court granted the motion to strike counts four and eight, the unjust enrichment counts. In doing so, the court cited *Burke* v. *Boatworks, Inc.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-04-4001838-S (July 26, 2005) ("allegations of express contract between the parties incorporated into a count stating a claim for unjust enrichment cause a violation of the rule that those alternative causes of action must be pleaded in separate counts"); and Superior Court cases cited therein. Thereafter, the court granted the defendants' motion for judgment on those counts. The remaining counts were tried to a jury in July, 2018. The jury found in favor of the defendants, and the court rendered judgment accordingly. The plaintiff appealed, claiming that the court erred in striking counts four and eight of his revised complaint because (1) the defendants had failed to present a valid reason to strike the unjust enrichment counts and (2) the court erred in its reading of the revised complaint or misapplied the law.

We begin by setting forth the standard of review with respect to a motion to strike. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendants' motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a [defendants'] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Emphasis omitted; internal quotation marks omitted.) *Kumah* v. *Brown*, 127 Conn. App. 254, 259, 14 A.3d 1012 (2011), aff'd, 307 Conn. 620, 58 A.3d 247 (2013).

"Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them." (Internal quotation marks omitted.) *Criscuolo* v. *Mauro Motors, Inc.*, 58 Conn. App. 537, 544, 754 A.2d 810 (2000). "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in his complaint. . . . A plaintiff may not allege one cause of action and recover on another." (Internal quotation marks omitted.) Id., 544–45.

"The interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. . . . Furthermore, [t]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Internal quotation marks omitted.) *McCann Real Equities Series XXII, LLC* v. *David McDermott Chevrolet, Inc.*, 93 Conn. App. 486, 491, 890 A.2d 140, cert. denied, 277 Conn. 928, 895 A.2d 798 (2006).

The defendants' motion to strike does not set forth the basis of the motion; see Practice Book § 10-39 (b) (requiring specification of reason for claimed legal insufficiency); but in their memorandum in support of the motion to strike the defendants argued that "[u]njust enrichment is a form of the equitable remedy of restitu-

tion by which a [p]laintiff may recover the benefit conferred on a [d]efendant in situations where no express contract has been entered into by the parties. Unjust enrichment is not based on an express contract. Instead, litigants normally resort to the remedy of unjust enrichment when they have no written or verbal contract to support their claim for relief." The defendants pointed out that paragraph 5 of count one of the revised complaint alleged that "[t]he plaintiff did rely on the representations, both oral and written, that said [auto] was in good condition and that all mechanical and other deficiencies would be repaired at no cost." The defendants also noted that paragraph 5 was incorporated by reference in each of the succeeding counts of the revised complaint, including counts four and eight alleging unjust enrichment. The defendants argued that because the plaintiff had alleged that there was an oral and written contract that had been breached, the plaintiff properly could not allege unjust enrichment.

The plaintiff opposed the motion to strike, arguing that Connecticut requires fact-based pleadings, which permit separate legal theories to be alleged in separate counts. He contended that he pleaded different legal theories in different counts and in the alternative, acknowledging that a plaintiff may recover under only one theory, not both. "Generally, if two theories are alleged in the same pleading, it is for the trier of fact to determine whether the plaintiff has proved both, neither, or but one of them." *Burns* v. *Koellmer*, 11 Conn. App. 375, 386, 527 A.2d 1210 (1987). In addition, the plaintiff set forth the principles underlying unjust enrichment.

In ruling on the defendants' motion to strike, the court stated in relevant part: "Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract and no remedy is available by an action on the contract. Unjust enrichment is consistent with the principles of equity, a broad and flexible remedy. . . . The plaintiff seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the plaintiff's detriment. . . . Indeed a lack of a remedy under the contract is a precondition for recovery based on unjust enrichment. . . . Despite these limiting principles, [p]arties routinely plead alternative counts alleging breach of contract and unjust enrichment, although in doing so, they are entitled only to a single measure of damages arising out of these alternative claims. . . . Under this typical belt and suspenders approach, the equitable claim is brought in an alternative count to ensure that the plaintiff receives some recovery in the event that the contract claim fails." (Citations omitted; internal quotation marks omitted.)

The court continued, stating that although the appellate courts of this state "have [not yet decided] whether it is sufficient to merely incorporate allegations of an express contract into a claim for unjust enrichment, several judges of the Superior Court have addressed [the] matter." The court cited several Superior Court cases. See *William Raveis Real Estate* v. *Cendant Mobility Corp.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-05-4002709-S (December 5, 2007) (plaintiff may plead unjust enrichment in alternative but this is not accomplished by incorporating into that count allegations of express contract; such complaint does not involve alternative pleading but inconsistent pleading); *Burke* v. *Boatworks, Inc.*, supra, Superior Court, Docket No. CV-04-4001838-S (allegations of express contract between parties incorporated into count stating claim for unjust enrichment violate rule that alternative causes of action be pleaded in separate counts).

The court in the present case found that the plaintiff alleged a cause of action for unjust enrichment as to the business in count four and as to Vitale in count eight. The court noted that the counts were identical, incorporating paragraphs 1 through 9 of count one and then alleging that the respective "defendant was unjustly enriched in that it received compensation for the [auto] in excess of the product delivered." The plaintiff also alleged that the defendants' acts resulted in unjust enrichment that caused him harm.[2] The court questioned whether the "cause of action as [pleaded] in and of itself satisfies the elements of a claim of unjust enrichment but based on the many decisions as to the failure to provide more than an incorporation of the contract count . . . the plaintiff has not sufficiently [pleaded] a cause of action for unjust enrichment." The court, therefore, granted the motion to strike counts four and eight of the plaintiff's revised complaint. Following the presentation of evidence on the remaining counts, a jury found in favor of the defendants and the court rendered judgment accordingly. The plaintiff appealed.

On appeal, the plaintiff claims that the court erred in striking counts four and eight by misapplying the law or misreading the revised complaint. The question of law presented is whether the court correctly construed counts four and eight of the revised complaint as incorporating allegations of breach of express contract and unjust enrichment in the *same* count.

Unjust enrichment is a common-law doctrine that provides "restitution, or the payment of money, when justice so requires." *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 511–12, 802 A.2d 901 (2002). "Recovery is proper if the defendant was benefitted, the defendant did not pay for the benefit and the failure of payment operated to the detri-

ment of the plaintiff. . . . In the absence of a benefit to the defendant, there can be no liability in restitution; nor can the measure of liability in restitution exceed the measure of the defendant's enrichment. . . . These requirements for recovery of restitution are purely factual." (Citations omitted; internal quotation marks omitted.) Id., 512.

Unjust enrichment is a "doctrine allowing damages for restitution, that is, the restoration to a party of money, services or goods of which he or she was deprived that benefited another." Id.

"The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for [one] to retain a benefit which has come to him at the expense of [another]. . . . A court may award a plaintiff damages under the doctrine of unjust enrichment if the plaintiff can establish (1) that the [defendant was] benefited, (2) that the [defendant] unjustly did not pay the [plaintiff] for the benefits, and (3) that the failure of payment was to the [plaintiff's] detriment." (Citations omitted; internal quotation marks omitted.) *Andy's Oil Service, Inc.* v. *Hobbs*, 125 Conn. App. 708, 714, 9 A.3d 433 (2010), cert. denied, 300 Conn. 928, 16 A.3d 703 (2011).

The case of *Burns* v. *Koellmer*, supra, 11 Conn. App. 375, is instructive. In *Burns*, the defendant on appeal argued "that the plaintiff pleaded a cause of action in express contract only, thereby prohibiting the jury from finding the defendant liable on theories of quantum meruit, unjust enrichment and implied contract. He thus [raised] the corollary argument that the trial court erred by charging the jury on those theories of recovery." Id., 381. The defendant asserted on appeal that "counts one and two of the complaint [alleged] an express contract and that the plaintiff [was], therefore, precluded from recovery on a restitutionary theory. The pleadings of the plaintiff's complaint must be examined to determine whether she alleged these theories." Id., 381–82.

This court stated that the "allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties." (Emphasis omitted; internal quotation marks omitted.) Id., 382. "The burden rests on the plaintiff to allege a recognizable cause of action in her complaint." (Internal quotation marks omitted.) Id.

"The theory of restitution as a basis for recovery encompasses both unjust enrichment and quantum meruit as the terms have been used in Connecticut cases. Broadly speaking, the availability of restitution is dependent upon unjust enrichment, that is, upon a perceived injustice because one party has benefited at the expense of another. In a narrower sense, unjust

enrichment has been the form of action commonly pursued in this jurisdiction when the benefit that the enriched party receives is either money or property. . . . This doctrine is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated. . . . The question is: Did he, [the party liable] to the detriment of someone else, obtain something of value to which he was not entitled?" (Citations omitted; internal quotation marks omitted.) Id., 384.

"It may once have been true that a plaintiff could not assert two theories of recovery in the same action. Such a situation, however, was due to the distinct common law pleading of debt and assumpsit, out of which the theory of restitution has sprung. . . . The system of pleadings has been abolished in this jurisdiction, which now requires the pleadings of facts. Practice Book § [10-1]. The fact-based pleadings now in use can support in a single action previously incompatible theories, and there is no requirement that the plaintiff plead the legal effect of those facts. Practice Book §§ [10-2, 10-4]. Generally, if two theories are alleged in the same pleading, it is for the trier of fact to determine whether the plaintiff has proved both, neither, or but one of them." (Footnote omitted.) Id., 385–86.

This court concluded in *Burns* that "the factual allegations in the pleading support the plaintiff's recovery on a restitutionary theory.[3] [Our Supreme Court] has "uniformly approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transaction or closely related occurrences or transactions, and it does not matter that the claims for relief do not have the same legal basis. It is only causes of action, that is, the groups of facts upon which the plaintiff bases his claims for relief, are separate and distinct that separate counts are necessary or indeed ordinarily desirable. *Purdy* v. *Watts*, 91 Conn. 214, 216, 99 A. 496 [1916]. *Veits* v. *Hartford*, 134 Conn. 428, 438–39, 58 A.2d 389 (1948) . . . ." (Footnote added; internal quotation marks omitted.) *Burns* v. *Koellmer*, supra, 11 Conn. App. 387–88.

On appeal in the present case, the plaintiff cites *Schifano* v. *Bank of New York Co.*, Superior Court, judicial district of Danbury, Docket No. CV-12-5009097-S (April 1, 2013), which takes a more liberal interpretation of the law of alternative pleading than the Superior Court cases cited in the trial court's memorandum of decision striking the unjust enrichment counts. *Schifano* relies on this court's decision in *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, supra, 71 Conn. App. 513, to wit: "Although restitution for unjust enrichment often applies to situations in which there is no written contract, it can also apply to situations in which there is a written contract and the party seeking restitu-

tion has—breached the contract." (Internal quotation marks omitted.) *Schifano* v. *Bank of New York Co.*, supra, Superior Court, Docket No. CV-12-5009097-S.

*United Coastal Industries, Inc.*, does not concern a motion to strike or construction of pleadings, but stands for the proposition that a party may recover in unjust enrichment despite an express contract between the parties and a breach of that contract. *United Coastal Industries, Inc.* v. *Clearhart Construction Co.*, supra, 71 Conn. App. 512–13. "[U]njust enrichment relates to a benefit of money or property . . . and applies when no remedy is available based on the contract. . . . The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment . . . . It would be contrary to equity and fairness to allow a defendant to retain a benefit at the expense of the plaintiff. . . .

"Partial performance under a contract is sufficient to trigger, and, in some cases, to allow a claim for restitution by a breaching party, when there has been a nonwillful breach of contract, equal to the benefits conferred on the nonbreaching party." (Citations omitted.) Id.

The trial court in *Schifano* denied the motion to strike the unjust enrichment count for the following reasons: "[T]he plaintiff incorporates his first and second cause of action into his third cause of action for unjust enrichment. The defendant points out, in its motion to strike, that the plaintiff references the mortgage deed and the promissory note in his first cause of action, and acknowledges that it is these contracts that govern his relationship with the defendant. The plaintiff does not specifically plead breach of contract until his sixth cause of action. At no point in his third cause of action or any causes of action prior to that does the plaintiff plead a breach of contract. As the [Appellate] Court has acknowledged, plaintiffs are permitted to plead alternative counts alleging breach of contract and unjust enrichment. [See] *Stein* v. *Horton*, [99 Conn. App. 477, 485, 914 A.2d 606 (2007)]. Based on the split in current case law, the court could find either way on this issue. However, the appellate authority implies that the correct conclusion would be that while the plaintiff may not be entitled to collect under both of these methods, it would be improper to strike this cause of action at this point based on these grounds." *Schifano* v. *Bank of New York Co.*, supra, Superior Court, Docket No. CV-12-5009097-S.

Although *Schifano* is not binding on this court, its rationale is sound and predicated on appellate case law cited therein. "Parties routinely plead alternative counts alleging breach of contract and unjust enrichment, although in doing so, they are entitled only to a single measure of damages arising out of these alternative claims. . . . Under this typical belt and suspenders approach, the equitable claim is brought in an alterna-

tive count to ensure that the plaintiff receives some recovery in the event that the contract claim fails." (Citations omitted.) *Stein* v. *Horton*, supra, 99 Conn. App. 485. Moreover, there is a distinction between alleging the existence of a contract and alleging its breach. "[U]njust enrichment relates to a benefit of money or property . . . and applies when no remedy is available based on the contract. . . . The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment . . . . It would be contrary to equity and fairness to allow a defendant to retain a benefit at the expense of the plaintiff." (Citations omitted.) *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, supra, 71 Conn. App. 512–13.

We now turn to the allegations of the revised complaint in the present case. "The role of the trial court [is] to examine the [revised complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) *Heyward* v. *Judicial Dept.*, 178 Conn. App. 757, 762, 176 A.3d 1234 (2017). Some latitude must be afforded to self-represented parties as long as it does not interfere with the rights of other parties. See *Shobeiri* v. *Richards*, 104 Conn. App. 293, 296, 933 A.2d 728 (2007).

"Complaints under the Practice Act [of 1879] are to contain a statement of the facts constituting the cause of action. . . . This is to be a plain and concise statement of the material facts on which the pleader relies. . . . Acts and contracts may be stated according to their legal effect . . . and the plaintiff may claim alternative relief, based upon an alternative construction of his cause of action. . . . Several causes of action may be united in the same complaint, if all are upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action; but they must be separately stated . . . ." (Citations omitted; internal quotation marks omitted.) *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 559, 29 A. 76 (1893). "Where separate and distinct causes of action (as distinguished from separate and distinct claims for relief, founded on the same cause of action or transaction), are joined, the complaint is to be divided into separate counts." (Internal quotation marks omitted.) Id.

Our Supreme Court's interpretation of the words "causes of action" in the Practice Act of 1879, "carries out one of the purposes which we have said the Practice Act [of 1879] was designed to serve, to enable parties to settle all their controversies in a single action . . . and it also furthers the general policy of our law which favors as far as possible the litigation of related controversies in one action. . . . It is now an established principle in our law of civil procedure that two suits

shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." (Citations omitted; internal quotation marks omitted.) *Veits* v. *Hartford*, supra, 134 Conn. 435–36.

In the present case, count one of the revised complaint sounded in fraud and contained eleven paragraphs; paragraph 10 contained subparagraphs alleging the nature of the defendants' fraud. Paragraph 11 alleged that the defendants' actions constituted fraud. Paragraph 5, which is at the heart of the defendants' claim that the plaintiff alleged an express contract, states: "The plaintiff did rely on the representation, both oral and written, that said [auto] was in sound condition and that all mechanical and other deficiencies would be repaired at no cost." Reliance is a necessary element of a claim of fraud. See *Leonard* v. *Commissioner of Revenue Services*, 264 Conn. 286, 296, 823 A.2d 1184 (2003) (elements of fraud include false representation made as statement of fact, statement was untrue and known to be untrue by party making it, made to induce other party to act, other party acted on false representation). Given that paragraph 5 alleged an essential element of a claim of fraud and that false representations can be both oral and written, we are unwilling to construe paragraph 5 as alleging an express contract or agreement between the parties.

In each of the subsequent counts of the revised complaint, the plaintiff realleged paragraphs 1 through 9 of count one, including in count three which sounded in breach of contract. Paragraph 10 of the breach of contract count alleged that the plaintiff relied on the representations and agreements with the defendants. Paragraph 11 alleged that the defendants breached their obligation to the plaintiff. Paragraph 12 alleged that "such constitutes breach of contract causing the plaintiff great harm."

Count four of the revised complaint sounded in unjust enrichment against the business and incorporated the first nine paragraphs of count one, which establish the relationship between the parties. These paragraphs did not allege a breach of contract. Paragraph 10 of counts four and eight alleged that "[t]he defendant was unjustly enriched in that it received compensation far in excess of the product it delivered"; paragraph 11 alleged that "such constitutes unjust enrichment causing the plaintiff great harm." The plaintiff did *not* allege an express contract in his unjust enrichment counts, nor did he incorporate the breach of contract allegations found in paragraphs 11 and 12 of count three and count seven in the unjust enrichment counts. The plaintiff alleged breach of contract in counts three and seven and alleged separately unjust enrichment in counts four and eight. The trial court, therefore, should not have granted the

defendants' motion to strike counts four and eight of the plaintiff's revised complaint.

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to strike counts four and eight of the revised complaint and for further proceedings according to law.

In this opinion the other judges concurred.

[1] The defendants moved to strike counts five through seven of the revised complaint on the ground that a member of a limited liability corporation cannot be held liable for the acts of the corporation. The court denied the motion to strike counts five through seven. The propriety of that decision is not at issue on appeal.

[2] Counts four and eight each alleged as to the business and Vitale respectively:

"1. At all times mentioned herein the plaintiff . . . has been a resident of Waterbury . . . .

"2. At all times mentioned herein the defendant, American Auto Sales, LLC . . . has been a business duly licensed in Connecticut . . . .

"3. At all times the defendant represented itself as a licensed dealer of used automobiles.

"4. On July 26, 2010, the defendant did sell to the plaintiff an automobile . . . specifically, a 1997 Chevy Lumina . . . and a warrantee for a price of $2398 . . . . The defendant then later demanded additional monies.

"5. The plaintiff did rely on the representation, both oral and written, that said [auto] was in sound condition and that all mechanical and other deficiencies would be repaired at no cost.

"6. The defendant did make additional positive representations as to the soundness of the [auto].

"7. The defendant did make authoritative representation to the plaintiff of the laws and requirements of . . . Connecticut covering vehicles over ten years old which it knew or should have known to be false.

"8. The plaintiff relied upon the representations of the defendant.

"9. The [auto] was and remains unrepaired and unsound.

"10. The defendant was unjustly enriched in that it received compensation far in excess of the product it delivered.

"11. That such constitutes unjust enrichment causing the plaintiff great harm."

Paragraphs 1 through 9 are common to each of the eight counts in the revised complaint. Paragraphs 10 and 11 are not included in counts other than four and eight.

[3] "The defendants knew before and during trial that the court was relying upon the theory of unjust enrichment, and implied contract.

"The defendants did not make any motions to separate the two theories relied upon by the plaintiff's complaint. The language of the complaint included the theory of quantum meruit and implied contract." (Internal quotation marks omitted.) *Burns* v. *Koellmer*, supra, 11 Conn. App. 385 n.7.