******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DANIEL WINE *v.* WILLIAM MULLIGAN ET AL.
## (AC 44261)

Alexander, Suarez and Sheldon, Js.

*Syllabus*

The incarcerated plaintiff sought to recover damages from the defendants, employees of the Department of Correction, alleging, inter alia, that the defendants improperly confiscated materials in his outgoing mail in violation of his constitutional right of access to the courts. The defendants filed a motion to strike the complaint, arguing that the conduct alleged did not constitute a violation of his constitutional rights and because the plaintiff failed to allege the specific personal involvement of four of the defendants in the conduct claimed to constitute a violation. The trial court granted the defendants' motion to strike and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that the plaintiff could not prevail on his claim that the trial court erred in granting the defendants' motion to strike: the plaintiff's complaint failed to allege the specific personal involvement of the defendants C, M, S and T in the actual confiscation of his mail, and, therefore, the plaintiff could not prevail on his claim as to those defendants because he failed to assert that they personally were involved in the alleged violation; moreover, the court properly granted the defendants' motion to strike as to the defendant W because, although the plaintiff alleged that W confiscated his mail, he failed to allege that he suffered any actual injury as a result of such confiscation; furthermore, because the plaintiff did not allege that the materials were being mailed to his attorney or to the court, he failed to plead that the confiscation hindered his efforts to pursue a legal claim or that his access to the courts was frustrated or impeded by their confiscation.

Argued February 15—officially released June 14, 2022

*Procedural History*

Action to recover damages for the alleged violation of the plaintiff's constitutional rights, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Cobb, J.*, granted the defendants' motion to strike the plaintiff's complaint; thereafter, the court, *Noble, J.*, granted the defendants' motion for judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Daniel Wine*, self-represented, the appellant (plaintiff).

*Jacob McChesney*, with whom, on the brief, were *William Tong*, attorney general, and *Clare E. Kindall*, solicitor general, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff, Daniel Wine, appeals from the judgment of the trial court rendered after it granted the defendants'[1] motion to strike his complaint. On appeal, the plaintiff contends that the court erred in granting this motion because the stricken complaint adequately stated a claim that the defendants had violated his constitutional right of access to the courts. We disagree, and, accordingly, affirm the judgment of the trial court.

The record reveals the following facts and procedural history. At all times relevant to this appeal, the plaintiff was incarcerated at the MacDougall-Walker Correctional Institution (MacDougall). In July, 2019, the plaintiff initiated the present action pursuant to 42 U.S.C. § 1983.[2] The plaintiff alleged in his complaint that, on January 25, 2019, the defendants improperly confiscated materials in his outgoing mail,[3] and that such improper confiscation violated his constitutional rights of access to the courts and to equal protection of the law. Specifically, the plaintiff alleged that Rollin Cook, the then Commissioner of Correction, was responsible for the overall operation of the Department of Correction's correctional facilities, which included MacDougall. The plaintiff alleged that he had written to Correction Lieutenant Roy Weldon requesting an informal resolution regarding the confiscation of his mail. In his claim against William Mulligan, the warden of MacDougall, the plaintiff alleged that Mulligan was "legally responsible for the operation of [MacDougall] and for the welfare of all the inmates in that prison." The plaintiff alleged that he also had written to Mulligan requesting an informal resolution regarding the confiscation of his mail. The plaintiff claimed that he had a conversation with Peter Sacuta, a correction officer, regarding the confiscated materials. The plaintiff alleged that Sacuta told him that "any material containing [Uniform Commercial Code] material will be confiscated as unauthorized information by him at the time he is making copies or doing notary."[4] The plaintiff further alleged that he handed a manila envelope containing his materials to Shaila Tucker, a counselor, and asked her to seal the envelope but she declined to do so, stating that "the mailroom may want to check it." Finally, the plaintiff alleged that Weldon seized his outgoing mail on January 25, 2019. The plaintiff sought an injunction and compensatory and punitive damages.

On August 22, 2019, the defendants filed a motion to strike the plaintiff's complaint for failure to plead a valid cause of action and failure to state a claim upon which relief could be granted. In the memorandum in support of their motion to strike, the defendants argued that the plaintiff's complaint was legally deficient because the conduct alleged did not constitute a violation of his constitutional rights, and that the plaintiff

failed to allege the specific personal involvement of four of the defendants in the conduct claimed to constitute a constitutional violation. The defendants argued that "only [Weldon] was alleged to have confiscated the plaintiff's outgoing mail" and, therefore, the plaintiff had failed to adequately allege a § 1983 claim against Cook, Mulligan, Sacuta, and Tucker. As to the plaintiff's claim that the defendants had violated his right of access to the courts, the defendants first argued that the materials confiscated from the plaintiff did not relate to a challenge of any of the plaintiff's criminal convictions or resulting sentences, or to any alleged violation of his constitutional rights, as required to establish a viable access to the courts claim. The defendants further argued that the plaintiff's allegations were legally insufficient because he failed to set forth any claim that he suffered any injury in fact as a result of the defendants' allegedly unconstitutional conduct. As to his equal protection claim, the defendants argued that the plaintiff's complaint was legally deficient because it failed to allege any disparate treatment by them of similarly situated individuals or that the confiscation of his outgoing mail was not rationally related to the Department of Corrections' "security protocol or some other legitimate penological interest."

On January 29, 2020, the court granted the defendants' motion to strike the plaintiff's complaint "[f]or the reasons stated in the defendants' memorandum."[5] On February 26, 2020, the defendants filed a motion for judgment, which the court granted on March 9, 2020. This appeal followed. On appeal, the plaintiff claims that the court improperly granted the defendants' motion to strike because he sufficiently alleged a violation of his right of access to the courts in his complaint.[6]

We begin our analysis with the standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendants' motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a [defendants'] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Piccolo* v. *American Auto Sales, LLC*, 195 Conn. App. 486, 489–90, 225 A.3d 961 (2020).

We next set forth the legal principles relevant to our resolution of the plaintiff's appeal. To state a viable claim for denial of access to the courts against an individual defendant pursuant to § 1983, the plaintiff must allege the personal involvement in the alleged denial of access of that particular defendant. See *Tangreti* v. *Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (plaintiff "must plead and prove that each [g]overnment-official defendant, through the official's own individual actions, has violated the [c]onstitution" (internal quotation marks omitted)); *Davis* v. *Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("a plaintiff must allege that the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim" (internal quotation marks omitted)); *Wright* v. *Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" (internal quotation marks omitted)).

Upon our thorough review of the pleadings, we conclude that the plaintiff's complaint failed to allege the specific personal involvement of the defendants Cook, Mulligan, Sacuta, and Tucker in the actual confiscation of his mail. Therefore, as the defendants advanced in their motion to strike and accompanying memorandum in support of their motion, the plaintiff cannot prevail on his claim pursuant to § 1983 against these four defendants because he failed to assert that they personally were involved in the alleged violation. See, e.g., *Tangreti* v. *Bachmann*, supra, 983 F.3d 618.

We next address the plaintiff's allegations against Weldon. It is well established that all incarcerated individuals have a constitutional right of access to the courts that is "adequate, effective, and meaningful." *Bounds* v. *Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); see also *Washington* v. *Meachum*, 238 Conn. 692, 735, 680 A.2d 262 (1996). A review of United States Supreme Court jurisprudence consistently establishes that states are required to "shoulder affirmative obligations to assure all prisoners meaningful access to the courts." *Bounds* v. *Smith*, supra, 824. In *Bounds*, the United States Supreme Court held that "prison authorities [are required] to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id., 828. The Supreme Court explained, however, that "while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision . . . does not foreclose alternative means to achieve that goal." Id., 830. The required assistance "may take many forms and *Bounds* . . . guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated

challenges to sentences or conditions of confinement before the courts." (Internal quotation marks omitted.) *Cooke* v. *Commissioner of Correction*, 194 Conn. App. 807, 829, 222 A.3d 1000 (2019), cert. denied, 335 Conn. 911, 228 A.3d 1041 (2020).

Additionally, to state a viable claim that his right of access to the courts has been violated, the plaintiff must allege that, as a result of a specific defendant's conduct, he suffered an actual injury. "Insofar as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." (Citation omitted; internal quotation marks omitted.) *Lewis* v. *Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). "Mere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." (Internal quotation marks omitted.) *Davis* v. *Goord*, supra, 320 F.3d 352; see id. (plaintiff's access to courts claim failed because he did not allege that "interference with his mail . . . caused him to miss court deadlines or in any way prejudiced his legal actions"). Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the *Bounds* line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated . . . or habeas petitions . . . . [T]his universe of relevant claims [was extended] only slightly, to 'civil rights actions'—i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.' " (Citations omitted.) *Lewis* v. *Casey*, supra, 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. . . . Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." (Emphasis omitted.) Id., 355; see also *Cooke* v. *Commissioner of Correction*, supra, 194 Conn. App. 828–29.

Although the plaintiff alleged that Weldon confiscated his mail, he failed to allege that he suffered any actual injury as a result of such confiscation. Because he did not allege that the materials were being mailed to his attorney or to the court, the plaintiff failed to plead that the confiscation "hindered his efforts to pursue a legal claim" or that his access to the courts was "frustrated or was being impeded" by their confiscation.[7] *Lewis* v. *Casey*, supra, 518 U.S. 351, 353, 355. Again, as the defendants argued in their motion to strike and accompanying memorandum in support of their motion, the plaintiff's failure to allege that he suffered an actual injury as a result of the defendants' allegedly unconstitutional conduct defeats his claim that he was

entitled to relief under § 1983 on the basis of such conduct.

Therefore, we conclude that the plaintiff's claims against each defendant were properly stricken.

The judgment is affirmed.

[1] The defendants in this action are five Department of Correction employees: Rollin Cook, the then Commissioner of Correction; William Mulligan, the warden of MacDougall-Walker Correctional Institution; Peter Sacuta, a correction officer; Shaila Tucker, a counselor; and Correction Lieutenant Roy Weldon.

[2] The universe of legal claims triggering the right of access to the courts includes "civil rights actions—i.e., actions under 42 U.S.C. § 1983 to vindicate basic constitutional rights." (Internal quotation marks omitted.) *Lewis* v. *Casey*, 518 U.S. 343, 354, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

[3] The plaintiff alleged that the confiscated materials related to three different legal matters: (1) a visitation application concerning his three minor children; (2) an action alleging that a therapist treating his children had violated the "copywritten/copy trademark/trade name" of his children; and (3) documents necessary to "restart" a non-profit organization. All of the confiscated materials were addressed to the plaintiff's sister, "who has power of attorney for [his] business and legal matters . . . ."

[4] In the memorandum in support of their motion to strike, the defendants contended that "the plaintiff's descriptions of his civil lawsuits appear to be the type of legal harassment regularly engaged in by so-called 'sovereign citizens.' . . . 'The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.' . . . Such individuals believe that they can free themselves of government control 'by filing [Uniform Commercial Code] financing statements, thereby acquiring an interest in their strawman,' and thereafter demand that others 'pay enormous sums of money to use the strawman's name.' " (Citations omitted.)

[5] We note that, generally, a trial court should not adopt as its decision the moving party's memorandum of law. See, e.g., *Hartford* v. *Tucker*, 8 Conn. App. 209, 214 n.10, 512 A.2d 944 (1986) ("[w]e must note our concern with the trial court's adoption and incorporation by reference in its memorandum of decision of the city's fifty-nine page trial brief 'as the basis for its decision,' rather than finding its own facts and making independent conclusions"). Although we continue to discourage a trial court's adoption of a moving party's memorandum as the basis for its decision, its use of that procedure in this case does not affect our resolution of the claims raised on appeal.

[6] The plaintiff raised a distinct claim related to the court's striking of his equal protection claim. Because, on appeal, the plaintiff failed to adequately brief his equal protection claim, we deem that claim abandoned. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Traylor* v. *State*, 332 Conn. 789, 804–805, 213 A.3d 467 (2019).

[7] The plaintiff alleged that the confiscated materials were being sent to his sister, a third party, and not to the plaintiff's attorney or to the court. As a result, we need not address the merits of whether the confiscated documents related to legal actions that fall within the "universe of . . . claims" recognized by the courts to support a denial of access to the courts claim. *Lewis* v. *Casey*, supra, 518 U.S. 354–55; see also *Cooke* v. *Commissioner of Correction*, supra, 194 Conn. App. 828–29.